Reversed and remanded.

LUKE F. WILSON ET AL.

v.

JOHN ISOM.

PLEADING—DECLARATION ON BOND.—The condition of the bond was to pay such damages as should be awarded against the First National Bank for wrongfully suing out attachment, etc., and the declaration failing to aver that any damages had been awarded against the bank, it was defective, and the demurrer should have been sustained.

APPEAL from the Circuit Court of Clay county; the Hon. JOHN C. HALLEY, Judge, presiding.

Mr. RUFUS COPE, for appellants; contending that suit may

be maintained on an attachment bond without a previous judgment against the plaintiff in the attachment, cited Churchill v. Abraham, 22 Ill. 455.

Previous award of damages should be averred in a suit on the bond: Smith v. Eakin, 2 Sneed, 456; Payne v. Able, 7 Bush, 344.

Mr. WM. B. COOPER and Mr. BEN. HAGLE, for appellee; cited Rev. Stat. 1874, 153, § 2; Churchill v. Abraham, 22 Ill. 455.

ALLEN, J.   This was a suit commenced by appellee against appellants, Luke F. Wilson, Tremont Frazer and Rufus Cope.

Declaration on attachment bond set out a bond signed by appellants alone, conditioned that, whereas said Luke F. Wilson had, on the day aforesaid, prayed an attachment out of said court at the suit of the First National Bank, Flora, Illinois, against the estate of said Isom for ———— if the said National Bank should prosecute its said suit with effect; or in case of failure therein, should pay said Isom such damages as should be awarded against said First National Bank, in any suit or suits which might thereafter be brought for wrongfully suing out said attachment bond to be void; the issuing of the writ, etc., etc.   By way of breach, declaration sets out that Isom was compelled to pay out attorney's fees, and was hindered and delayed in his business.

At the October term, 1877, a demurrer was filed to the declaration, which was overruled by the court.   The appellants excepted, and the court, at the following term, assessed the damages against appellants, and gave plaintiff a judgment for $165 and costs.   Appellants except and pray appeal, etc.

The only question we have to consider is as to the sufficiency of the declaration.   The condition of the bond bound appellants " to pay to appellee such damages as should be awarded against the First National Bank in any suit or suits which might thereafter be brought for wrongfully suing out said attachment."

The declaration fails to aver that any damages had been

awarded against the First National Bank, and inasmuch as the undertaking was to pay only such damages as might be awarded against the bank, the declaration should have contained such averments as were necessary to fix the liability of appellants.

If the bank was one of the obligors, and was a defendant in this suit, then appellants could be held for such award of damages as might be made against the bank in this suit, and this is the extent to which the authority cited by appellee goes. Churchill v. Abraham, 22 Ill. 455; Smith v. Eaken, 2 Sneed, 456. We believe the demurrer to the declaration should have been sustained, and for this reason the judgment of the Circuit Court is reversed and the cause remanded.

Reversed and remanded.