## GEORGE OBERNE
### v.
## C. W. GAYLORD ET AL.

1. PLEADING.—In an action of debt on an attachment bond, the plea of *non est factum*, in the absence of a plea traversing the breach, puts in issue only the making the bond described in the declaration; all other material averments are admitted. And this result was not affected by the leave given in this case, to introduce special matter under that plea.

2. DAMAGES.—The defendant, under the leave to introduce special matter in evidence, would have had the right to assume the burden of proof and introduce evidence to show that there was no breach. He did not do this. All plaintiffs were required to do in the first instance, was to produce the bond in evidence and prove their damages. But appellant would have the right to assign error upon any ruling of the court below, which took from him the benefit of any matter proper to be considered by the jury, in mitigation of damages or in denying him a ruling respecting a proper limitation of damages in such case.

3. FRAUD—INSTRUCTION.—The instruction given in this case is erroneous, as it violates the principle that a party directly participating in a fraud may not take advantage of it to nullify his own act, as against another and innocent party. And even if the second party was guilty of fraud, it violates the principle that a fraudulent deed or mortgage is good between the parties where the fraud is predicated upon a want of consideration.

4. ATTACHMENT—DAMAGES.—Where a stock of goods is attached, damages for interruption of the owner's business may be recovered as well as reasonable costs and expenses incurred in procuring the discharge of the attachment and restoration of the property. But damages to the reputation

Oberne v. Gaylord.

of goods caused by the levy of an attachment thereon, are too vague and uncertain to be capable of legitimate pro f.

5. INJURY TO CREDIT.—Injury to the credit and reputation of the party proceeded against by attachment, has generally been held too remote and speculative. But where malice is properly charged, such damages have been allowed.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed April 24, 1883.

Mr. HENRY V. FREEMAN, for appellant; that the court below exceeded its power in ordering the record of the judgment amended at a subsequent term, cited Long v. Linn, 71 Ill.152; Wilcoxon v. Roby, 3 Gilm. 475; Bodine v. Swisher, 66 Ill. 536; Sattler v. The People, 59 Ill. 68; McCormick v. Wheeler, 36 Ill. 114; Greenleaf on Ev. § 115; Trautman v. Hills, 5 Bradwell, 396; Kirlholz v. Wolff, 8 Bradwell, 371; Lill v. Stookey, 72 Ill. 495.

Remote or speculative damages, such as result from injuries to credit, business, character, etc., by force of the attachment can not be recovered: Drake on Attachment, § 175; Donnell v. Jones, 13 Ala. 490; Reidhar v. Berger, 8 B. Monroe, 160; State v. Thomas, 19 Mo. 613; Floyd v. Hamilton, 33 Ala. 235; Campbell v. Chamberlain, 10 Ia. 235.

Where a verdict is grossly excessive, it will be set aside: Saddler v. Bean, 38 Ia. 684; Cutler v. Smith, 57 Ill. 252; Tripp v. Grouner, 60 Ill. 474; Becker v. Dupree, 75 Ill. 167; Kussell v. Jzevor, 2 Bradwell, 244.

As to amendment of bill of exceptions : Myers v. Phillips, 68 Ill. 269; Goodrich v. Minonk, 62 Ill. 125; Wallahan v. The People, 40 Ill. 104; Lyons v. The People, 68 Ill. 271.

Messrs. MOSES & NEWMAN, for appellees; cited Churchill v. Abraham, 22 Ill. 461; Gardner v. Haynie, 42 Ill. 291; Miner v. Phillips, 42 Ill. 123; 1 Greenleaf on Ev. § 522; Whitaker v. Wheeler, 44 Ill. 440; Corbley v. Wilson, 71 Ill. 209; Broom's Maxims, 917; Strohm v. Hayes, 70 Ill. 41; England v. Selby, 93 Ill. 340; Vanarsdale v. Andrews, 7 Bradwell, 199; Ives v. Vanscoyoc, 81 Ill. 120; Cogshall v. Beesley, 76 Ill. 445;

Culliner v. Nash, 76 Ill. 515; Henry v. Halloway, 78 Ill. 356; Ferris v. Ferris, 89 Ill. 452; Noy v. Creed, 1 Bradwell, 557; Drury v. Dungan, 2 Bradwell, 15; Reynolds v. Palmer, 70 Ill. 288; Fuller v. Bates, 6 Bradwell, 442; Keller v. Fournier, 74 Ill. 489; Indianapolis, etc. v. Rhodes, 76 Ill. 285; Krug v. Ward, 77 Ill. 603; Protection, etc. v. Foote, 79 Ill. 361; Page v. The People, 99 Ill. 418.

Damages for the loss and deprivation of the property and discontinuance of the business may be recovered: Fitzsimmons v. Hall, 84 Ill. 539; Churchill v. Abraham, 22 Ill. 461; Alexander v. Jacoby, 23 Ohio, 358; Dunning v. Humphrey, 24 Wendell, 31; Donnell v. Jones, 13 Ala. 490.

McALLISTER, J. This action was debt brought in the court below, by appellees Gaylord and Wieland, as obligees, against the appellant, Oberne, as one of the joint and several obligors, in an attachment bond bearing date May 21, 1881, in the penal sum of twelve hundred dollars, and conditioned according to the statute prescribing such bonds. The principal obligors, in said bond were Bock and Muellner. Oberne was surety, and this suit was prosecuted against him alone. The declaration sets forth the bond, the suing out of the superior court, by Bock and Muellner of an attachment against Gaylord and Wieland, the levying thereof upon their goods, and assigns for breach that Bock and Muellner did not prosecute their attachment suit with effect, but that afterward, November 14, 1881, said superior court gave judgment against them, quashing said attachment with costs. The defendant Oberne filed the plea of *non est factum*, and the court made an order of record that defendant have leave to introduce special matter in evidence, on the trial, under the plea of *non est factum*. The trial resulted in a verdict and judgment for plaintiffs for their debt, with nine hundred and fifty dollars damages. The defendant brings the record to this court and assigns various errors.

The plea of *non est factum*, in the absence of a plea traversing the breach, put in issue only the making the bond described in the declaration; all other material averments were

admitted. Sugden v. Beasley, 9 Bradwell, 71; King v. Sea, 6 Id. 189; Rudesill v. County Court of Jefferson county, 85 Ill. 446. Nor was that result affected by the leave given to defendant, to introduce special matter under that plea. Kane v. Sanger, 14 Johnson, 89. This point disposes of all the objections made by appellant as to the competency of evidence to prove the breach. The defendant, under the leave to introduce special matter in evidence, would have had the right to assume the burden of proof and introduce evidence to show that there was no breach. But this he did not offer to do. All the plaintiffs were required to do, in the first instance, was to produce the bond in evidence, and prove their damages. But, notwithstanding the condition of the pleadings, we think it is clearly the right of appellant to assign error upon any ruling of the court below which took from him the benefit of any matter proper to be considered by the jury, in mitigation of damages, or in denying him a ruling respecting a proper limitation of damages in such case.

It appears from Wieland's evidence that he made Gaylord's acquaintance on the 3d of May, 1881; that on the 5th of same month he entered into copartnership with him; that Gaylord then had stock of the value of $750 which he put into the firm, to this Wieland added about $500; that from this stock only two cases of shoes worth about $180 had been taken out, before the attachment was levied by Gaylord who absconded on the 16th of same month. The defendant gave evidence tending to show, that a few days prior to his partnership with Wieland Gaylord, who was carrying on the business of manufacturing shoes, was owing Forbes & Co. about fifty dollars, and being desirous of obtaining further credit from that firm, made an arrangement on the 4th of May, 1881, with such firm by which he was to give to them his note for $300 to be secured by a chattel mortgage on his tools, machinery, etc., and all his leather and manufactured goods, etc. The mortgage was executed, duly acknowledged and recorded, on the next day.

On the 5th of May, 1881, Forbes & Co., finding that mortgage defective in some particular, had Gaylord execute another to supply the defect, which was duly acknowledged and recorded

on the 10th of same month.   This mortgage covered all the tools, machinery, sewing machines, dies, rollers, lasts, benches, fixtures, etc., all leather manufactured or in process of manufacture in a certain building described.   The evidence tends to show that this property was put by Gaylord into the capital of the firm of Gaylord & Wieland; that Gaylord kept on getting goods of Forbes & Co. on credit under that arrangement, so that, when he absconded, he owed them at least one hundred and thirty-seven dollars for such goods.   Forbes & Co., May 20, 1881, sold and assigned said mortgage to one Marshall, and the latter, June 5, 1881, sold and assigned the same to Martin Bock, one of the principals in the attachment bond, and plaintiffs in the attachment suit.   The debt secured was to run one year.

At the instance of the plaintiffs, the court instructed the jury: "That if the mortgage in evidence, from Gaylord to Forbes & Co., was not based upon any consideration, or was fraudulent between the parties, then the jury ought to disregard said mortgage; or if the jury should believe from the evidence that a larger sum was put in the mortgage than there was due, and that such sum was put in there for fraudulent purpose between Forbes & Co. and Gaylord, then, in that case, the jury should disregard the mortgage."

That instruction was manifestly erroneous, and was prejudicial to the defendant as respected the question of damages. Gaylord, the mortgagor in that mortgage, was one of the plaintiffs in this suit, seeking to recover damages against the surety upon the attachment bond, where creditors had sued out an attachment against him and his partner, after he had defrauded them and absconded, and levied it upon the property or a portion of it, upon which he had given this mortgage in order to obtain further credit of Forbes & Co.   There was literally no evidence tending to show any fraudulent purpose, on the part of Forbes & Co., while it was a warrantable inference, that such was the purpose on the part of Gaylord. A ruling, therefore, such as this instruction was, that a party directly participating in a fraud may take advantage of it to nullify his own act as against another and innocent party, was

opposed to one of the oldest and most essential of the principles of the common law.  He could not be permitted to do so, even if there had been fraud on the part of Forbes & Co., as well as upon his own.  Miller v. Marckle, 21 Ill. 152.

A fraudulent deed or mortgage is good between the parties, when the fraud is predicated upon a want of consideration. Campbell et al. v. Whitson et al. 68 Ill. 240.

In the second instruction for plaintiffs, the court, in directing the jury as to what elements of damages it was proper for them to take into consideration, after specifying two elements, concluded in these words: "also whatever the evidence may show, if any, the plaintiffs have suffered, in having their business closed or destroyed by force of the attachment."  Whereupon the defendant's counsel asked the court to instruct the jury that injuries, if any, consequent on loss of credit, could not be recovered for in this action.  The court refused to so instruct.

The above paragraph from plaintiffs' instruction, was broad enough to include any damages whatever, and so, was broad enough to include damages consequent upon loss of credit.  Unless, therefore, such damages were properly recoverable in this action, the giving the above instruction for the plaintiffs, and the refusal of that asked for defendant, was erroneous.  We are of opinion the ruling was erroneous. · There was no charge in the declaration, nor was anything of the kind claimed upon the trial, that the attachment was sued out by Bock and Muellner, maliciously and without probable cause; or that it was executed for any malicious purpose. In treating upon the damages recoverable in actions upon attachment bonds, Judge Sutherland, in his excellent and exhaustive work upon Damages, says: "When a stock of goods is attached, damages for interruption of the owner's business may be recovered, as well as reasonable costs and expenses incurred in procuring the discharge of the attachment and restoration of the property.  But damages to the reputation of goods caused by the levy of an attachment thereon, are too vague and uncertain to be capable of legitimate proof."

So, injury to the credit and reputation of the party pro-

ceeded against by attachment, has generally been held too remote and speculative.    Where malice is properly charged, however, such damages have been allowed."    2 Suth. on Dam. 59–60.

The plaintiffs' instructions contained no hypothesis that the attachment was malicious, either as to suing out or executing the writ.    Besides, it assumed that the plaintiffs had their business closed and destroyed by force of the attachment. That was improper, and seems to us to have presented a purely fictitious element of damages by assumption of facts.    The insolvency of the concern and the fact that one of its members had absconded, would close and destroy the business of the firm, regardless of the attachment.    For the errors indicated the judgment below must be reversed and the cause remanded.

Reversed and remanded.