## Jessie M. Davis v. Moses Baker.

1. QUESTION OF FACT—*Maliciously Suing Out a Writ of Attachment.*—Whether a person acted in good faith and upon evidence sufficient to create in the mind of prudent and reasonably cautious men a belief that the charges upon which he caused an attachment in his favor to issue were true, are questions of fact for the determination of a jury.

2. INSTRUCTIONS—*Defects in One May be Cured by Others.*—A defect in one instruction may be cured by other instructions in the case.

3. ADVICE OF COUNSEL—*As a Defense to an Action for Maliciously Suing Out a Writ of Attachment.*—When the advice of counsel is invoked as a defense to an action for maliciously suing out an attachment it must be shown that the counsel advising was a regularly licensed attorney and counselor, reputable in character and so considered in the community, competent to give legal advice on all matters pertaining to law.

**Action in Case,** for maliciously suing out a writ of attachment. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed April 4, 1900.

NELSON MONROE, attorney for appellant.

An action on the case for maliciously, and without probable cause, suing out a writ of attachment, is maintainable for the injury resulting therefrom to the business, credit, and reputation of the defendant. Lawrence v. Hagerman, 56 Ill. 68; Spaids v. Barrett, 57 Ill. 289.

To constitute probable cause sufficient to justify the act of suing out an attachment, the act of the prosecutor, or

plaintiff, must be based on such facts and circumstances as would induce a reasonably prudent and cautious person to believe that the person proceeded against, was guilty of the fraud alleged against him. Harpham v. Whitney, 77 Ill. 32; Newell on Malicious Prosecution, p. 252 and authorities there cited.

The defense of the advice of legal counsel, that the person prosecuting had probable cause, will not avail as a defense unless the prosecutor fully, fairly and honestly laid before the attorney all the facts within his knowledge, and which he might have ascertained by the exercise of reasonable diligence. Roy v. Goings, 112 Ill. 656.

And the advice must be from counsel who is a reputable attorney at law, duly licensed, and admitted to practice, and these facts or requisites must affirmatively appear in evidence. It is not sufficient as a bar to the action, that the person advising held himself out as an attorney at law, and was believed to be such, by the party consulting him. Murphy v. Larson, 77 Ill. 173.

An instruction which seeks to present to the jury the advice of an attorney as a defense, should state that the attorney was in good standing, for skill and prudence. Schattgen v. Holnbach, 149 Ill. 646.

Herbert S. Duncombe and Granville W. Browning, attorneys for appellee.

An action for malicious prosecution lies only where malice and want of probable cause concur. They are the gist of the action. Leidig v. Rawson, 1 Scam. 272; McBean v. Ritchie, 18 Ill. 114; Hurd v. Shaw, 20 Ill. 354; Wade v. Walden, 23 Ill. 425; Israel v. Brooks, 23 Ill. 575; Montross v. Bradsby, 68 Ill. 185; Harpham v. Whitney, 77 Ill. 32; Bishop v. Bell, 2 Ill. App. 551; Comisky v. Breen, 7 Ill. App. 369.

Mr. Presiding Justice Horton delivered the opinion of the court.

In the brief and argument for appellant filed in this cause the "Statement of Case" is as follows, viz.:

"This is an action on the case brought by appellant against appellee, to recover damages for wrongfully, maliciously and without probable cause, causing to be sued out and levied, a writ of attachment for the amount of $200 against the goods and chattels of appellee, by means of which her business was broken up, and her credit destroyed."

No other or further statement of the facts is presented by counsel for appellant, and his arguments are upon points of law. In such case he no doubt assumed, and correctly, that it was unnecessary to state facts in detail, other than incidentally, in presenting a point of law.

Counsel do not differ essentially upon the rules of law as to when an action will lie for maliciously suing out a writ of attachment, or what constitutes probable cause, or when malice may be inferred, or the effect of the advice of an attorney, or who may be regarded as an attorney whose advice may be acted upon. We shall not, therefore, cite or review the authorities upon these points.

Did the court below err in permitting appellee to prove the indebtedness of appellant to other parties? We think not. This proof was admitted presumably only as one of the facts present in the mind of appellee at the time he sued out the attachment referred to. One of the creditors of appellant had sued out an attachment before appellee did so. Appellee had been advised that certain statements had been made by appellant as to what she might do concerning a certain class of creditors, and it was not improper to show the facts in connection therewith.

The third instruction given to the jury at the instance of appellee is as follows, to wit:

"The court further instructs the jury as a matter of law that if they believe from the evidence that before instituting the attachment proceedings complained of, the defendant, M. Baker, personally, or by his agent, fully, fairly and honestly communicated all the facts within his knowledge or which he could have ascertained with reasonable diligence touching the right of M. Baker & Co. to attach the goods of Jessie M. Davis, to his attorney, and that he acted upon the advice of his attorney in commencing such action, and in good faith, the jury should find the defendant not guilty."

On behalf of appellant it is contended that this instruction is erroneous because it does not state who may be considered such an attorney as that a person may act upon his advice. That instruction is faulty in the respect indicated. But such defect is fully cured by the seventh instruction given at the instance of appellant, which is as follows, to wit:

" The jury are further instructed that when the advice of attorney or counsel is invoked as a defense, it must be shown that the counsel or attorney selected and advised with, was a regularly licensed attorney and counsellor, reputable in character, and so considered in the community competent to give legal advice on all matters pertaining to law. It is not sufficient as a defense that the person advising the prosecution held himself out as an attorney at law, and was believed to be such by the party consulting him, but it must be shown that the attorney counseled and advised with was a regular licensed attorney and counsellor, and of reputable character."

It seems to us that the instructions given to the jury are unnecessarily, if not unreasonably, voluminous and prolix. Twelve were given at the instance of appellant, and twenty on motion of appellee. They cover ten pages of the printed abstract. We are satisfied that there is no error in these instructions when considered as a whole, which would justify a reversal.

Whether appellee acted in good faith and upon evidence sufficient to create in the mind of a prudent and reasonably cautious man a belief that the charges upon which the attachment was issued were true, are questions of fact for the jury. No reason is indicated by counsel or is apparent to us which would warrant an interference with the verdict of the jury upon these or other questions of fact.

We observe no error which would justify a reversal in this case. The judgment of the Superior Court is affirmed.