JAMES H. GILBERT

*v.*

THE ESTATE OF CHRISTOPH YUNK.

*Opinion filed February 21, 1905.*

1. ATTACHMENT—*existence of statutory ground therefor is the only authority for attachment.* The only authority for the issuance of an attachment writ, and the seizure of property thereunder in advance of the rendition of judgment and the issuance of an execution, is the existence of some statutory ground therefor.

2. SAME—*judgment for defendant on attachment issue releases obligors on a "forthcoming" bond.* The obligors in a "forthcoming" bond, issued under section 14 of the Attachment act, are released from liability if the judgment on the attachment issue is for the defendant, notwithstanding the judgment on the assumpsit issue is for the plaintiff.

3. BONDS—*obligation of surety cannot be extended by implication.* Provisions of a bond relied upon as extending the liability of a surety must be strictly construed, since he cannot be held beyond the express terms of his contract.

4. SAME—*when the recital of bond does not extend liability of surety.* Liability of a surety upon a "forthcoming" bond issued in an attachment suit, which expressly provides that the obligation shall be void if the property shall be forthcoming to answer the judgment in that particular suit, is not extended by a recital in the bond that the property is also subject to attachment writs in other enumerated suits, so as to make such liability dependent upon the outcome of the other suits.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

J. HENRY KRAFT, for plaintiff in error.

GEORGE W. STANFORD, (ALBERT H. MEADS, of counsel,) for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

But a single question is here presented, which is, whether Christoph Yunk, now deceased, became liable to answer as surety on a forthcoming bond, the principal maker having failed to deliver the property therein mentioned to the obligee on demand. The bond reads as follows:

"*Know all men by these presents,* That we, Conrad L. Niehoff, doing business as C. L. Niehoff & Co., principal, and Franz Amberg, Christoph Yunk and John Reuter, as sureties, are held and firmly bound unto James Pease, sheriff of the county of Cook, in the State of Illinois, and to his executors, administrators and assigns, in the penal sum of $80,000, lawful money of the United States, for the payment of which sum we hereby jointly and severally bind ourselves, our heirs, executors and administrators.

"Witness our hands and seals this 10th day of June, 1893.

"The condition of this obligation is such, that whereas, on June 7, 1893, a certain writ of attachment issued out of the circuit court of Cook county at the suit of Emil Gasch and Charles Deubler, doing business as Deubler & Gasch, plaintiffs, against the estate of C. L. Niehoff & Co., defendants, directed to the sheriff of Cook county to execute, by virtue of which said writ the said sheriff, James H. Gilbert, has attached the following described property, to-wit: (Here follows list of property attached,) and that the value of the above described property does not exceed $40,000, and that the above property is subject to attachment writs No. 116276, circuit court, Grunder *vs.* Niehoff; No. 116277, circuit court, Seurig *vs.* Niehoff; No. 116278, Meinel *vs.* Niehoff; No. 116275, Deubler *vs.* Niehoff; No. 116286, Niggemeyer *vs.* Niehoff; No. 148846, superior court, Deubler & Gasch *vs.* Niehoff; No. 148839, superior court, Stuckart *vs.* Niehoff; and the said Conrad L. Niehoff, doing business as C. L. Niehoff & Co., in whose possession said property was found, being desirous of retaining the custody thereof, according to the provisions of the statute: Now, if the said estate and property shall be forthcoming to answer the judgment of the court in said suit then this obligation to be void, otherwise to remain in full force and effect.

|  |  |
|---|---|
| CONRAD L. NIEHOFF, | (Seal.) |
| FRANZ AMBERG, | (Seal.) |
| CHRISTOPH YUNK, | (Seal.) |
| JOHN REUTER. | (Seal.)" |

In the case of Emil Gasch and Charles Deubler, composing the firm of Deubler & Gasch, against C. L. Niehoff & Co., mentioned in the condition of the bond as pending in the circuit court of Cook county, the grounds of the attachment were traversed and issues made thereon, and pleas to the merits were also filed and issues formed thereon. On the hearing the issues in attachment were found for the defendants and the issues on the merits were found for the plaintiffs, and judgments were entered accordingly. In the other cases named in the bond which were pending in the circuit court, issues in attachments and on the merits were also joined and the attachment issues found for defendants and the issues in assumpit for the plaintiffs, respectively, and several judgments were accordingly entered in those cases, respectively. In the two attachment cases pending in the superior court of Cook county the issues in attachment and in assumpsit were found for the plaintiffs and judgments entered accordingly.

The plaintiff in error contends (1) that the execution of a forthcoming bond, under the Attachment act, requires the obligors therein to produce the property mentioned in the bond to answer a final judgment upon the issue in assumpsit, though the issue in attachment be found against the plaintiff; and (2) that the bond here executed, under a proper construction thereof, cast upon the obligors the duty to see that the property should be forthcoming to answer judgments rendered, either in attachment or assumpsit, against the principal obligor in any and all of the cases mentioned in the bond. We think the plaintiff in error wrong in both contentions. The statute authorizes the defendant in an attachment proceeding whose property has been seized, to procure the same to be released by giving either one of two bonds provided for by the act. Section 14 of chapter 11, entitled "Attachment," (1 Starr & Cur. Stat. 1896, p. 454,) authorizes such defendant to secure the return of his property which has been levied upon by the attachment writ, by entering into

bond "in double the value of the property so attached," with securities to be approved by the officer, conditioned that the property "shall be forthcoming to answer the judgment of the court in the said suit." Section 15 of the same chapter provides that the defendant in attachment who desires the return of his property which has been levied upon by the attachment writ, may, "instead of or in substitution of the bond required in" section 14, give bond, with approved security, in a sum sufficient to cover the debt and damages sworn to in behalf of the plaintiff, with all interest, damages and costs of suit, conditioned that the principal obligor in the bond "will pay the plaintiff the amount of the judgment and costs which may be rendered against him in that suit on a final trial, within ninety days after such judgment shall be rendered." The bond here under consideration was that authorized to be given by section 14, and the effect was to substitute the bond for the property, and not to make the obligors liable for the debt of the principal obligor, as would bonds executed under section 15 have done. Section 27 of the same chapter provides that if the issues in attachment "be found for the defendant the attachment shall be quashed." The attachment being quashed, the lien created by the levy of the writ of attachment would no longer exist.

If, on a trial of the issues in attachment, a judgment is rendered for the defendant on such issues and a judgment is rendered for the plaintiff on the issue in assumpsit or on the merits, the only judgment to be enforced by the plaintiff is an ordinary judgment for money. There is no order or judgment of the court under which the production of the property levied upon by virtue of the attachment writ can be demanded, or which makes it the duty of the principal obligor in the forthcoming bond to return such property to the officer. The only authority for the issuance of an attachment writ and the seizure of property thereunder is the alleged existence of some statutory ground of attachment. In the absence of such ground the right to seize property in advance

of the rendition of a judgment and the issuance of execution thereon does not exist. The verdict and judgment thereon in favor of the defendant on the issues in attachment is a judicial declaration that the levy and seizure of the property under the attachment writ were unlawful. Such a judgment works·a total dissolution of the attachment, and relieves the obligors in the forthcoming bond provided for by section 14 of all obligation or duty to return the property to the obligee in the bond. If no forthcoming bond had been given and the sheriff had retained possession of the property under the attachment writ, it would have been his duty, on the rendition of a final judgment having the effect of quashing the attachment, to surrender the property to the party from whom he had seized it. If that party has given a forthcoming bond and the property has been returned to his possession the dissolution of the attachment authorizes him to retain the property. A bond given under section 14 of our Attachment act is but a substitute for the property, and if the attachment is dissolved the sheriff has no authority to demand that the property shall be returned to him. The writ by which he held the property had been quashed and he had no lien upon it or right to exercise authority over it.

In the two attachment cases which were pending in the superior court, judgments were entered for the plaintiff on the issues in attachment and also on the issues in assumpsit, but we do not assent to the view that the bond is so framed as to cover these cases and cast upon the obligors therein the duty of producing the property to answer the judgments in attachment in those cases. In view of the fact the intestate of the defendant in error was but a surety on the bond, all the provisions of the bond which are relied on to create or extend his liability must be, according to a familiar rule of law, strictly construed. A surety is not to be held beyond the express terms of his contract, nor is his liability to be extended by mere implication. The bond here involved recites: "That whereas, on June 7, 1893, a certain writ of at-

tachment issued out of the circuit court of Cook county at the suit of Emil Gasch and·Charles Deubler, doing business as Deubler & Gasch, plaintiffs, against the estate of C. L. Niehoff & Co., defendants, directed to the sheriff of Cook county to execute, by virtue of which said writ the said sheriff, James H. Gilbert, has attached the following described property, to-wit:" (Here follows list of property.) "And * * * the said Conrad L. Niehoff, doing business as C. L. Niehoff & Co., in whose possession said property was found, being desirous of retaining the custody thereof, according to the provisions of the statute: Now, if the said estate and property shall be forthcoming to answer the judgment of the court in said suit then this obligation to be void, otherwise to remain in full force and effect." The express provision of the bond therefore is, that the property shall be forthcoming to answer the judgment of the court in said suit of Deubler & Gasch against Niehoff & Co., pending in the circuit court of Cook county, and the recital in the bond that the property was also subject to attachment writs in other designated suits cannot be construed to create liability on the part of the surety to see that the property should also be forthcoming if a right to have it subjected to judgments in attachment should be established in such other suits. It is only by implication and going beyond the letter of the bond that the liability of the surety could be extended to any other than the one case to which the obligation clearly applies. The liability of a surety is not to be extended, by implication, beyond the terms of the contract strictly construed. *Shreffler* v. *Nadelhoffer,* 133 Ill. 536. ·

The judgment must be and is affirmed.

*Judgment affirmed.*