110        APPELLATE COURTS OF ILLINOIS.

English C. & Mfg. Co. v. John Sexton & Co. et al., 222 Ill. App. 110.

## English Canning and Manufacturing Company, Appellee, v. John Sexton & Company and John Sexton, Appellants.

### Gen. No. 25,756.

**1.** ATTACHMENT—*burden of proof as to nonresidence and indebtedness of defendant.* Before it can be said that a writ of attachment in aid of suit against a nonresident was rightfully sued out, plaintiff is required to prove, not only that defendant is a nonresident, but also that it is, indebted to plaintiff.

**2.** ATTACHMENT—*when improperly allowed in aid in action against nonresident.* If it is found that nothing is due plaintiff in an action against a nonresident, a writ of attachment in aid of such suit was wrongfully sued out.

**3.** ATTACHMENT—*what expenses recoverable in action on bond.* In an action upon an attachment bond given in a suit against a foreign corporation, the expenses incurred in bringing witnesses to defend the principal suit on the merits may be recovered.

Appeal from the Municipal Court of Chicago; the Hon. LEO J. DOYLE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed October 5, 1921.

BLUM, WOLFSOHN & BLUM, for appellants.

CULVER, ANDREWS, KING & STITT, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit on an attachment bond against defendants. There was a finding and judgment in plaintiff's favor for $182.05. Included in this judgment was an item of $175.32 which the defendants claim was improper. This is the only question involved in this case.

The record discloses that John Sexton & Company, an Illinois corporation, and principal in the bond, brought suit against the plaintiff, the English Canning

and Manufacturing Company, an Indiana corporation, in the municipal court of Chicago seeking to recover $960. In aid of this suit a writ of attachment was sued out and served on Henry Horner & Company as garnishee. This company was indebted to the Indiana company in the sum of $960. The ground set up in the affidavit for attachment in aid was that the Indiana company was a nonresident and that it was indebted to John Sexton & Company. The Indiana company entered its appearance but did not traverse that part of the affidavit which set up its nonresidence. There was a trial on the merits and the issues were found in favor of the defendant, the Indiana company, and the garnishee was discharged. From that judgment an appeal was taken by John Sexton & Company to this court, where the judgment of the municipal court was affirmed. Afterwards the instant case was brought on the attachment bond.

The Indiana company, in defense of the suit brought against it, brought witnesses from Indiana to Chicago "and paid their necessary expenses for railroad fare and hotel bills amounting in all to $175.32." The facts are not in dispute and the sole question is whether, in the instant case on the attachment bond, the Indiana company was entitled as a matter of law to recover the $175.32.

The defendants contend that it is the law that where an attachment in aid is sued out in a case and the defendant prevails, and afterwards a suit on the bond is brought for wrongfully suing out the writ, the only damages that are recoverable are those that are incurred in the defense of the attachment in aid, and that no damages can be recovered which result from a defense to the main suit. From this the defendants argue that since there was no traverse of the ground of attachment, viz., nonresidence, and since the only defense made was to the merits of the action, the

112        Appellate Courts of Illinois.

English C. & Mfg. Co. v. John Sexton & Co. et al., 222 Ill. App. 110.

$175.32 was incurred in this connection and should not have been included in the judgment. We agree with the law as stated by the defendants, but not with their conclusion when applied to the case before us. The statute provides that before a writ of attachment in aid of a suit may issue the plaintiff must file an affidavit setting up (1) that the defendant is indebted to the plaintiff and (2) that the defendant is a nonresident of this State, or one of the other grounds mentioned in section 1, ch. 11, Rev. St. (sections 1, 2, ch. 11, Rev. St., Cahill's Ill. St. ch. 11, ¶ 1). So that before it can be said that the writ was rightfully sued out plaintiff in that case was required to prove not only that the defendant was a nonresident of this State but also that it was indebted to the plaintiff. *Damron v. Sweetser, Caldwell & Co.*, 16 Ill. App. 344. If, in such case, nothing is due the plaintiff, the writ has been wrongfully sued out. *Bliss v. Heasty*, 61 Ill. 338. In the case brought by John Sexton & Company to recover the $960, while there was no traverse of the averment in the affidavit setting up the nonresidence of the Indiana company, yet there was a failure on the part of John Sexton & Company to prove that the Indiana company was indebted to it and, therefore, the writ of attachment was wrongfully sued out. The only way the Indiana company could defeat the attachment was to defend the case on its merits, and to do this it was required to bring witnesses from Indiana to Chicago which would not have been necessary but for the attachment. In doing so it necessarily expended $175.32, and it follows that it was entitled to be reimbursed. But for the attachment the suit could not have been tried in Chicago and the expenses involved would not have been incurred. On the record before us, we think it cannot be said that the depositions of these witnesses might have been taken and the expense avoided.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

THOMSON and TAYLOR, JJ., concur.