Anton J. Cermak for use of Albert Seligsberg et al., trading as Seligsberg & Company, Appellee, v. F. R. Schaaf et al., on appeal of Nanda H. Blum, Appellant.

## Gen. No. 26,487.

1. ATTACHMENT—*interpleader by claimant of property.* Under section 29 of the Attachment Act (Cahill's Ill. St. ch. 11, ¶ 29), a person claiming ownership of the property interpleads without giving a bond, and the issue under the interpleader is not connected with the issues in the attachment suit, and judgment on it will be entered independently of the attachment suit.

2. ATTACHMENT—*when surety on forthcoming bond liable.* The surety on a forthcoming bond, contemplated by section 14 of the Attachment Act (Cahill's Ill. St. ch. 11, ¶ 14), was liable under such bond where the issues in the attachment suit were decided favorably to plaintiff in such suit, although the interpleader had not been determined.

3. ATTACHMENT—*when obligors in forthcoming bond liable.* The bond provided under section 14 of the Attachment Act (Cahill's Ill. St. ch. 11, ¶ 14), to be given by the person in whose possession the property is found, is substituted for the property attached, and if the judgment issues are favorable to plaintiff, the obligors must answer for the property released; but if the attachment issue is against plaintiff, the obligors are discharged, although plaintiff may succeed in the original suit.

4. ATTACHMENT—*substitute for forthcoming bond.* The bond provided by section 15 of the Attachment Act (Cahill's Ill. St. ch. 11, ¶ 15) is in substitution for the bond required by section 14, and is to cover the debt and damages of plaintiff and is conditioned on the final judgment in the original suit, and under this bond the obligors are liable for the debt although plaintiff may fail to sustain the attachment issue.

5. ATTACHMENT—*surety in forthcoming bond as not permitted to deny defendant's ownership of property.* The surety in a forthcoming bond, given on attachment, cannot plead that the property levied upon was not the property of the defendant.

Appeal from the Superior Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed March 7, 1922.

ADAMS, CHILDS, BOBB & WESCOTT and B. F. RICHOLSON, for appellant.

SCHWARTZ & SCHWARTZ, for appellee; CHARLES P. SCHWARTZ and ULYSSES S. SCHWARTZ, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is an appeal by defendant, Nanda H. Blum, from a judgment of $8,000 in an action against her as surety on a forthcoming bond in attachment. The bond is as follows:

"Know all men by these presents, that we, F. R. Schaaf as principal, and Nanda H. Blum, as surety, are held and firmly bound unto Anton J. Cermak, bailiff of the Municipal Court of Chicago, in the State of Illinois, and to his executors, administrators, successors and assigns, in the penal sum of eight thousand dollars, lawful money of the United States, for the payment of which sum we hereby jointly and severally bind ourselves, our heirs, executors and administrators.

"Witness our hands and seals this 9th day of August, A. D. 1918.

"The condition of this obligation is such, that whereas, on the 7th day of August, A. D. 1918, a certain writ of attachment in aid issued out of the Municipal Court of Chicago, at the suit of Albert J. Seligsberg, Henry C. Ross and Edgar Hellman, copartners, doing business as Seligsberg & Company, plaintiffs, against the estate of Thomas T. Snell, defendant, directed to the bailiff of the Municipal Court of Chicago, to execute, by virtue of which said writ the said bailiff, Anton J. Cermak, has attached the following described property, to wit:

"One (1) Rolls-Royce automobile, and four (4) automobile tires.

"And the said F. R. Schaaf in whose possession the said property was found, being desirous of retaining the custody thereof, according to the provisions of the statute.

"Now, if the said estate and property shall be forthcoming to answer the judgment of the court in said

suit, then this obligation to be void; otherwise to remain in full force and effect.

(Signed)    F. R. SCHAAF    (Seal)
(Signed)    NANDA H. BLUM (Seal).''

It is said that subsequent to giving this bond F. R. Schaaf filed an interpleader in the attachment suit, claiming to be the owner of the automobile mentioned in the bond; that while the issues in the attachment suit were decided favorably to plaintiff, the interpleader was not determined. Defendant claims that this bond was given conditioned upon the judgment of the court on the question of ownership raised by the interpleader; that the judgment referred to in the bond means that judgment, and there being as yet no such judgment, there is at present no liability under the bond.

Taking the case as stated by defendant, she is liable upon the bond and the judgment thereon was proper. Defendant is in error in claiming that the bond relates to the interpleader. A claimant of ownership interpleads without giving a bond. It is expressly so provided in section 29, ch. 11, of the Attachment Act (Cahill's Ill. St. ch. 11, ¶ 29). The issue under the interpleader is not connected with the issues in the attachment suit and judgment on it will be entered independent of the disposition of the attachment suit. *Juillard & Co. v. May*, 130 Ill. 87.

As the section of the statute relating to an interpleader negatives any bond, we must relate this bond to some section providing for such a bond. We find this to be section 14 (Cahill's Ill. St. ch. 11, ¶ 14), which provides that the officer shall retain the property attached to answer the judgment unless the person in whose possession it is found shall give a bond to the officer with the condition that the property ''shall be forthcoming to answer the judgment of the court in said suit.'' The officer shall return the bond to the court in which the suit is brought. A bond filed

under this section is substituted for the property attached. If the judgment issues are favorable to plaintiff, the obligors under the bond must answer for the property released. If the attachment issue is against plaintiff, then the obligors are discharged, although the plaintiff may succeed in the original suit.

By section 15 (Cahill's Ill. St. ch. 11, ¶ 15), it is provided that another bond may be given by a defendant in substitution for the bond required by section 14, but this bond is to cover the debt and damages of plaintiff and is conditioned on the final judgment in the original suit. Under such a bond the obligors are liable for the debt although the plaintiff may fail to sustain the attachment writ.

The bond in question is clearly one contemplated by section 14, and was filed pursuant to its requirements. It would be unreasonable to relate it to a subsequent proceeding which is under a section of the statute expressly requiring no bond. Our conclusion in this respect has been guided by what was said in *Gilbert v. Yunk's Estate*, 214 Ill. 237.

In *Gray v. MacLean*, 17 Ill. 404, it was held that the surety in a forthcoming bond cannot plead that the property levied upon by an attachment was not the property of defendant and this was followed in *Heilbrunn v. Ellsworth*, 190 Ill. App. 388.

Defendant is mistaken in asserting that the judgment was for a larger amount than the amount of the bond. The judgment, as the record shows, was for $8,000.

Other points are discussed with reference to pleadings and evidence, but it is unnecessary to comment thereon, as the above considerations are decisive. The judgment is affirmed.

*Affirmed.*

DEVER, P. J., and MATCHETT, J., concur.