(No. 19711.)

Hyman Silverman, Defendant in Error, *vs.* The City Engineering Construction Company *et al.*—(Walter H. Eckert, Plaintiff in Error.)

*Opinion filed February 21, 1930.*

Loucks, Eckert & Peterson, (Tom Leeming, of counsel,) for plaintiff in error.

Hyman Soboroff, for defendant in error.

Mr. Justice DeYoung delivered the opinion of the court:

The Lawndale Sash and Door Company brought an attachment suit against the City Engineering Construction Company in the municipal court of Chicago. The attach-

ment was dissolved but judgment was rendered against the defendant on June 24, 1916, for $2667.23. Walter H. Eckert represented the defendant in this suit. Subsequently the engineering company instituted suit in the circuit court of Cook county against the sash and door company and Hyman Silverman, the principal and surety respectively in the attachment bond, and on April 11, 1921, recovered judgment against them for $1136. Warren B. Buckley appeared for the plaintiff in this suit and the judgment was assigned to Eckert on the day of its rendition in payment of the services rendered by him in the defense of the attachment suit. Demand for the satisfaction of an execution issued upon the latter judgment was made upon Silverman on November 30, 1923. Six days later the sash and door company assigned to Silverman the judgment which it had recovered against the engineering company. On December 8, 1923, two days after the assignment had been made, Silverman filed his bill in the circuit court of Cook county to enjoin the satisfaction out of his tangible property of the execution issued against him and to compel the application of the judgment recovered by the engineering company toward the payment of the judgment rendered in favor of the sash and door company. A temporary injunction was granted, and after a hearing a decree in substantial conformity with the prayer of the bill was rendered. Eckert prosecuted an appeal to the Appellate Court for the First District and that court affirmed the decree. A writ of *certiorari* was granted by this court upon Eckert's petition and the cause is here for a further review.

The parties agree that this cause is governed by the 58th and 59th sections and sub-section 5 of the 60th section of the Judgments, Decrees and Executions act. (Cahill's Stat. 1929, p. 1611; Smith's Stat. 1929, p. 1760). Section 58 provides that executions between the same parties may be set off, one against another, if required by either party. Section 59, which prescribes the manner in which this may

be done, reads: "When one of the executions is delivered to an officer to be executed, the debtor therein may deliver his execution to the same officer, whether the second execution is directed to the same or to any other officer; and the officer shall apply it, as far as it will extend, to the satisfaction of the first execution, and the balance due on the larger execution may be collected and paid in the same manner as if there had been no set-off." The fifth sub-section of section 60, however, provides that such set-off shall not be allowed "as to so much of the first execution as is due to the attorney in that suit for his fees and disbursements therein."

The plaintiff in error, Eckert, contends that he was the attorney of record for the defendant in the attachment suit and succeeded in having the attachment dissolved; that his client suffered damage by reason of the wrongful attachment and was entitled to compensation therefor; that while the assessment of these damages required à distinct suit upon the attachment bond, yet such a proceeding was merely an adjunct to the attachment suit; that, since he would be the principal witness in the subsequent suit, he could not appear of record as the attorney for the plaintiff in that suit; that upon the assignment of the judgment rendered in the suit upon the attachment bond, there was assigned to him what was "due to the attorney in that suit for his fees and disbursements therein," and, invoking the prohibition of sub-section 5 of section 60 of the Judgments, Decrees and Executions act, that the judgment in the attachment suit may not be set off against the judgment upon the attachment bond. The defendant in error, on the contrary, insists that before an attorney can claim a preference through an assignment to him of a judgment against a judgment creditor of his assignor it must appear that the assignment was made for services rendered by the attorney in the particular suit or action in which the judgment assigned was recovered; that Buckley, and not Eckert, was the at-

torney of record for the plaintiff in the suit upon the attachment bond; that Buckley alone prosecuted the suit and that he is the only attorney who, upon receiving an assignment of the judgment rendered in that suit, may avail himself of the benefit of the statute.

An action upon an attachment bond is an action entirely separate and distinct from the suit in which the bond was given. Services rendered by an attorney in the defense of an attachment suit are not the same as the services performed by the same attorney in the prosecution of a subsequent suit upon the attachment bond. It follows that the fees earned in the first suit are distinct from those earned in the second suit even where the same attorney appeared in both suits.

The right to set off executions between the same parties, one against the other, conferred by section 59 of the Judgments, Decrees and Executions act, is not permitted by the fifth sub-section of section 60 of the same act "as to so much of the first execution as is due to the attorney in that suit for his fees and disbursements therein." By this sub-section a preference is given an attorney over a judgment creditor of his client for the fees earned and disbursements made by the attorney in recovering a judgment in a particular suit, and to that extent the right to set off opposite executions, provided by section 59, must yield. The sub-section, however, does not give the preference to an attorney who did not appear in the suit in which the judgment was recovered and the execution was issued. To extend the sub-section to include such an attorney is to exercise a legislative and not a judicial function. Courts have no power to read into a statute something that is not within the manifest intention of the law-making body as gathered from the statute itself. *Sup* v. *Cervenka*, 331 Ill. 459; *Stiles* v. *Board of Trustees*, 281 id. 636.

In this case Eckert was not the attorney in the suit on the attachment bond which terminated in the judgment upon

which the first execution was issued. His claim for fees arose out of the prior suit in attachment. While the dissolution of the attachment in the first suit led to the institution of the suit on the attachment bond, yet the two actions were separate and distinct. The attorney who claims the statutory preference did not appear in the suit out of which that advantage could arise in his favor. For that reason he has no preference and the judgment recovered by the engineering company may be applied toward the satisfaction of the judgment assigned by the sash and door company to Silverman, the defendant in error.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*