JOHN NELSON

*v.*

SIGVART O. DANIELSON.

82  545
73a 182

1. MALICIOUS PROSECUTION—*for suing out an attachment without probable cause.*\*    Where a plaintiff sued out a writ of attachment and caused it to be levied upon the goods and chattels of the defendant exempt from levy and sale, upon an affidavit that defendant was indebted to him in a certain sum then due, and that he was about to leave the State with the intention of having his effects removed from the State, when, in fact, a part of the indebtedness was evidenced by a promissory note not then due, and the defendant was, at that time, seeking employment, and was making no preparation to leave the State, which facts were known to the plaintiff when he sued out the writ, and the defendant had offered to give a mortgage to secure the indebtedness, which the plaintiff had agreed to accept, but sued out the attachment before the time agreed upon for the giving of the mortgage, it was *held*, in an action for malicious prosecution at the suit of the debtor, that a jury would be authorized to find that the creditor sued out the writ without probable cause, and was actuated by malice.

2. EXCESSIVE DAMAGES. In such case it was held that a verdict in favor of the plaintiff in the suit, for malicious prosecution, for $750, was not excessive.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. E. & A. VANBUREN, for the appellant.

Messrs. MAGEE, OLESON & ADKINSON, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action on the case, brought by Sigvart O. Danielson, in the Superior Court of Cook county, against John Nelson, to recover damages for the seizure of certain goods and chattels under a writ of attachment, which, as is alleged, was maliciously and without probable cause sued out by Nelson, and levied in a wanton and reckless manner upon personal property exempt from levy and sale.

---

\*See *Barrett et al.* v. *Spaids*, 70 Ill. 408.

35—82D ILL.

A trial of the cause before a jury resulted in a verdict in favor of the plaintiff for $750. A motion for a new trial was denied by the court, and judgment rendered upon the verdict, to reverse which the defendant appealed.

The attachment suit was commenced before a justice of the peace on the 13th day of November, 1874, upon an affidavit, filed by Nelson, that the defendant in the action was indebted to him in the sum of $200, which was then due; that he had good reason to believe and did believe Danielson was about to depart from the State with the intention of having his effects removed from the State. The jury, by their verdict, found that the attachment was sued out and the goods seized without probable cause, and in this we are of opinion they were correct. According to the testimony of Nelson, himself, he sued out the attachment on what he was told by one Johnson and the defendant and his wife. The substance of the information thus obtained, as we learn from the evidence, was this: Johnson, on November 12, told Nelson he understood Danielson was going to leave the State and go to California. On the same evening Nelson called upon Danielson, and, in conversation, was told by him that he was out of employment, and was thinking about going to California. Nelson then inquired, if he should go, if he was willing to give him a second mortgage on his property, to which Danielson replied he was willing to do that, whether he went or not. A contract containing the description of his property was then handed Nelson, and a mortgage was to be prepared, and the parties were to meet on the next day at noon, and the mortgage was then to be executed. Nelson did not, however, wait for the arrival of the appointed time to obtain his security, but early the next morning he sued out the attachment, and, while Danielson was absent from his home in search for work, where he had informed Nelson he would be on the day previous, he levied upon and removed the goods from the residence of Danielson. From this evidence, can it be said that Nelson had a reasonable ground of suspicion, supported by circumstances sufficient to warrant a cautious man in the belief that Danielson was about to depart from the

State with the intention of having his effects removed from the State? We apprehend not.

Johnson did not profess to have any information that was reliable; he only told Nelson what he had understood. The source of the information was not called for or given, but, even if this information could be regarded sufficient for Nelson to act upon, when, on the same day, he called on the defendant, and, from his own lips and his acts, found that there was no present intent of leaving the State, the commencement of the attachment proceedings under such circumstances betrayed a reckless disregard of that honesty of purpose which should govern every person before resort should be had to the extraordinary remedy of attachment.

It is urged that the instruction given for plaintiff was wrong, because it does not leave to the jury the question whether any property was seized by virtue of the attachment, but authorizes the jury to find for the plaintiff if they find that defendant directed a levy, whether he actually levied or not. Had the evidence failed to show that the property was actually taken under the writ of attachment, the question presented might be regarded as a serious one, but no such question arose on the trial. The evidence is undisputed that the property was taken and removed, and retained a number of days; if, therefore, the instruction was not strictly accurate in the respect complained of, it could not mislead the jury.

But it is contended the damages are excessive. Courts have always manifested a reluctance to disturb verdicts on account of excessive damages in cases of this nature. and never disturb them unless it is probable, from the amount of damages assessed, that the jury have acted under the influence of prejudice or passion. *Schlencker* v. *Risley*, 3 Scam. 483. While the damages in this case are large, yet we can not say they are so excessive as to justify the inference that the jury were actuated by passion or prejudice. The testimony introduced in regard to the conduct of the defendant in the commencement of the action and the execution of the writ, established such a clear and reckless disregard of the rights of the plaintiff, that the jury

could do no less than conclude that the defendant was actuated by malice.

One of the notes upon which the action was based was not due, and an action could not be commenced upon it, and yet the defendant filed an affidavit that the notes were both due. At the time the attachment was issued, Danielson was hunting for employment in the city of Chicago and making no preparations to leave the State, which fact, as appears, was known to the defendant. It also appears that a mortgage was offered upon real estate which was ample security for the debt, and which the defendant had agreed to accept, but, in utter disregard of his agreement in this respect, he sued out the attachment, and levied upon and carried away all the household goods of appellee save only a hot stove, which could not, at the time, be removed. Of the goods taken were a sewing machine, marble top stand, center table, pictures, chairs, watch, baby-cradle, bible, and even the clothing of a half-dressed babe was not spared, but, in reply to an appeal on behalf of the mother, the defendant replied, " he would listen to no more talk."

The jury, from the evidence, no doubt concluded, and rightfully too, that the conduct of the defendant was actuated by malice, rather than an honest purpose to collect a *bona fide* debt. Under such circumstances, while juries have the power to award vindictive damages, in actions of this character, we perceive no substantial ground upon which we can disturb the finding.

The judgment will be affirmed.

*Judgment affirmed.*