## Philip H. Gundermann v. Ernst Buschner.

1. MALICIOUS PROSECUTION—*Of Civil Suit—Plaintiff Liable for Damages When Property is Seized.*—An action for damages will lie when in the malicious and causeless prosecution of a civil suit, there is seizure of the property of the person against whom the prosecution is directed, not only for the damages resulting to the property actually taken, but as well for damage to credit and reputation.

2. SAME—*Of Civil Suit—Detention of Funds by Garnishment.*—A detention of the funds of a defendant by garnishment, is such an interference with his property as will sustain an action for damages when malice and want of cause are shown.

Trespass on the Case, for the malicious prosecution of a civil suit. Error to the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed January 17, 1898.

WARWICK A. SHAW, attorney for plaintiff in error; SAMUEL B. KING, of counsel.

An action on the case for maliciously and without probable cause suing out a writ of attachment is maintainable for the injury resulting therefrom to the business credit and reputation of the defendant therein. Notwithstanding the statute requires the plaintiff in an attachment suit to give a bond conditioned to pay all damages that may accrue by the wrongful suing out of the attachment writ. The action on the case is a more complete remedy, of which a party may avail independent of the statutory remedy. Lawrence v. Hagerman, 56 Ill. 68; Nelson v. Danielson, 82 Ill. 545; Bliss v. Heasty, 61 Ill. 338.

The party injured is not restricted to the suit on the bond. In many cases the amount of the bond would be insufficient to compensate for the wrong—the loss of property, the destruction of business and the injury to the feelings and reputation. In case exemplary damages were given the bond would be no security, hence the action on the case is the only remedy. Spaids v. Barrett, 57 Ill. 293.

"An action for maliciously suing out an attachment can always be maintained against any person who maliciously and without probable cause prosecutes another whereby the party prosecuted sustains an injury, either in person, property or reputation." Bump v. Betts, 19 Wend. (N. Y.) 421; Newell on Malicious Pros.; 53 and authorities cited.

ARNOLD TRIPP, attorney for defendant in error.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

The errors assigned present but one question, viz.: the sufficiency of the declaration of plaintiff in trial

court, defendant in error here. The action is on the case, and is to recover damages for a malicious prosecution. The declaration alleges, among other things, the good repute of plaintiff; that there was due to him $600 from the Chicago Brewing Company; that defendant, maliciously intending to injure plaintiff and "to break up the business of plaintiff," etc., falsely, maliciously and without probable cause, made affidavit before a justice of the peace, stating that plaintiff was about fraudulently to conceal, assign, or otherwise dispose of his property so as to hinder and delay his creditors, and that thereupon defendant procured a writ of attachment to be issued, and the said Chicago Brewing Company to be summoned as garnishee, and thereby kept and detained the money of plaintiff and "tied up the same," so that plaintiff could not have the use thereof from February 20, 1896, to March 12, 1896; alleges injury to credit and business of plaintiff, who is a contractor, also alleges special damages in that plaintiff was obliged to pay out $50 for attorney's fees in order to have said money released, and $100 in defending against the attachment proceeding. Alleges termination of attachment suit in favor of plaintiff.

The question presented is as to whether an attachment suit maliciously prosecuted, and without probable cause, when no seizure of property, other than by garnishment, is made, will be ground for an action on the case for damages.

That an action for damages will lie when, in the malicious and causeless prosecution of a civil suit, there is seizure of the property of the one against whom the prosecution is directed, is well settled. Lawrence v. Hagerman, 56 Ill. 68; Spaids v. Barrett, 57 Ill. 293; Nelson v. Danielson, 82 Ill. 545.

At common law a recovery of damages was allowed for a malicious civil suit, prosecuted without cause,

where no seizure of person or property was made, until the statute 52 Hen. 3, which gave costs *pro falso clamore* against an unsuccessful plaintiff in a certain class of cases, and perhaps until 4 Jam. 1, where such costs were given in all cases; since which enactments it has been very generally held that such award of costs was by way of damages, and excluded other recovery, except in cases where there was seizure of person or property. Co. Litt., p. 161, note; Cooley's Black., p. 125, note.

It has been held in many cases that for the prosecution of a civil suit, however unfounded and malicious, when there has been no interference with either the person or property of the defendant, no action will lie. Parker v. Langley, Gilb. Cas. 163; Savil v. Roberts, 1 Salk. 13; Purton v. Honner, 1 Bos. & Pul. 205; Potts v. Imlay, 1 South'd. 377; McNamee v. Minke, 49 Md. 122; Kramer v. Stock, 10 Watts. 115; Mayer v. Walter, 64 Pa. St. 283; Eberly v. Rupp, 90 Pa. St. 259; Muldoon v. Rickey, 103 Pa. St. 110; Wetmore v. Mellinger, 64 Iowa, 741; Smith v. Hintrager, 67 Iowa, 109.

There are, however, not a few decisions *contra.* Closson v. Staples, 42 Vt. 209; McCardle v. McGinley, 86 Ind. 538; Marbourg v. Smith, 11 Kan. 554; Brand v. Hinchman, 68 Mich. 590.

The reasoning of those decisions which hold that seizure of person or property is essential to furnish ground for an action for damages for malicious prosecution of a civil suit, seems to be, first, that the costs, whether as formerly by amercement, or as allowed by statutory provision, are an award of damages excluding any other; and, second, that it would be productive of endless litigation if, whenever a plaintiff was cast in his civil suit, he might in turn be sued for malicious intent and lack of cause in bringing it. But whenever the more substantial ground of an interference with prop-

erty exists, the weight of authority and the decisions of our own State sustain the right of action, not alone for the damages resulting to the property actually taken, but as well for damage to credit and reputation.

If it be conceded that by the weight of authority— our Supreme Court not having passed directly upon the question—no action will lie unless there be molestation of person or property, we have then to inquire if the garnishment of funds is such molestation of property as will sustain the action.

We can see no logical reason for distinguishing between the detaining of the moneys of a defendant by garnishment, and the detaining of his other chattels upon the writ of attachment. In either case it deprives him temporarily of the use of his property, and in the former the consequences are likely to be much more serious to a man of business than the mere detention of household goods. So, too, would it be likely to do greater injury to his business credit. There is the authority of at least one decision for so holding. Noonan v. Orton, 30 Wis. 358.

But aside from the authority of this case, and upon first impression, we are inclined to hold that a detention of the funds of the defendant by garnishment, is such an interference with his property as will sustain an action for damages, when malice and want of cause are shown.

The judgment is affirmed.