### G. F. Marion Twidwell, Appellee, v. Jacob B. Smith et al., Appellants.

1. PLEADING—*when demurrer to plea properly sustained.* If a plea neither confesses nor denies nor traverses the declaration and pleads conclusions rather than facts, a demurrer thereto is properly sustained.

2. ATTACHMENT AND GARNISHMENT—*what breach of bond.* If a writ issued be quashed for noncompliance with the statute, a breach of the attachment bond results regardless of whether a new attachment suit be started and prosecuted with effect.

Action of debt. Appeal from the Circuit Court of McDonough county; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed October 18, 1910.

ANDREW L. HAINLINE and DON P. PENNYWITT, for appellant; PHILIP E. ELTING, of counsel.

FLACK & LAWYER, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in debt upon a bond given by the defendant in an attachment proceeding in aid of a

suit for trespass. The jury found the issues for the plaintiff and the debt to be $10,000, and assessed the plaintiff's damages at the sum of $50.01. To reverse the judgment rendered on such verdict the defendants prosecute this appeal.

The bond in question is in the form prescribed by statute. The condition of the same, after reciting the prayer for an attachment in aid, at the suit of Jacob B. Smith against Marion Twidwell, provides that if the said Smith shall prosecute his suit with effect, or in case of failure therein shall well and truly pay all such costs in said suit and such damages as shall be awarded against the said Smith in any suit or suits which may hereafter be brought, for wrongfully suing out the said attachment, the obligation of the bond is to be void, etc. The breach of the bond alleged in the amended declaration is, in substance, that the said Smith did not prosecute his suit with effect, but that afterward in said suit it was considered and adjudged by the Circuit Court that said writ be and the same was then and there quashed, and that said Twidwell have and recover his costs against said Smith, which costs were taxed at the sum of $500. It is then alleged that Twidwell, by reason of the unlawful suing out of said writ, was obliged to pay large sums for his reasonable attorney's fees in and about securing a dissolution of said writ, and for his reasonable traveling expenses, board and lodging, and time expended, in defending against and procuring the dissolution of said writ.

A general and special demurrer was interposed to the declaration and overruled. To the declaration the defendants filed, among others, their fourth plea, which sets out in detail the proceedings in the original action for trespass, including the attachment affidavit and writ and motion to quash the affidavit for alleged irregularities and insufficiencies in the affidavit, and the action of the court in quashing the same. It is

then alleged that immediately after the affidavit was quashed Smith, the plaintiff in that suit, caused a sufficient affidavit to be filed of which Twidwell, the defendant, had notice; that no motion or proceeding was ever taken by Twidwell to strike said second affidavit from the files; that a writ of attachment in aid was then and there issued in lieu of the writ quashed; that afterwards Twidwell entered his appearance in said trespass suit and abandoned his defense to said attachment in aid; that issue was joined on the pleas in the trespass suit, and a trial had, which resulted in a judgment for $500 and costs against Twidwell and in favor of the attaching plaintiff, which judgment and costs were fully paid prior to the commencement of the present suit; and that by reason thereof, the said Smith did prosecute his said suit with effect. A general and special demurrer was interposed to said plea, and sustained by the court, and such action of the court is urged as error.

We are of opinion that the demurrer was properly sustained, as the plea neither confessed and avoided nor traversed the declaration, and pleaded conclusions rather than facts. It appears from an inspection of the affidavit for attachment and the motion to quash set out in said plea, that the attemped service in the attachment proceedings was absolutely void, and that the court properly quashed the affidavit and dissolved the writ. The place of residence of the defendant was not given, nor was there an averment that upon diligent search and inquiry the place of residence could not be ascertained; neither was his last known place of residence given, nor was any publication notice ever mailed to him at any address whatever. The service was therefore clearly void, and not so through the error or neglect of the clerk of the court, who was not furnished the necessary information for properly mailing said notice. The allegation in the plea that a sufficient attachment affidavit was filed, was

merely the conclusion of the pleader, and contrary to the facts as they appear upon the face of the plea.

We hold that there was a breach of the bond when the writ was quashed. Had the plaintiff in the original suit then obtained leave to amend the affidavit for attachment, and then amended the same so as to make it good and sufficient, and had the same proceedings followed as set out in the plea as having occurred after the filing of the original affidavit, it might be properly said that Smith did prosecute his suit with effect, and that that condition of the bond was not broken. The filing of the new affidavit for attachment in aid and obtaining a new writ to issue thereunder, was in effect the commencement of a new proceeding in attachment, and constituted an abandonment of the original proceeding. To subject the property of the defendant to the jurisdiction of the court without a compliance with the statute, would be to deprive him of a substantial right without due process of law. The condition in the attachment bond that Smith should prosecute his suit with effect, etc., referred to the attachment in aid and not to the principal action of trespass. The ultimate disposition of the original suit, or of the second attachment in aid thereof, based as it was upon a new affidavit, we regard as immaterial. Keith v. Henkleman, 173 Ill. 137; Dempster v. Lansingh, 234 Ill. 381.

It is further urged that the court erred in its rulings upon the admissibility of evidence as to the value of attorney's fees. We shall not take the time nor space to discuss this question in detail. It will suffice to say that it was not necessary in order to recover attorney's fees as damages in this proceeding, that there should have been a specific employment of an attorney or attorneys to quash the writ. The record discloses the nature and extent of the services rendered by appellee's counsel in procuring a dissolution of the original writ. We are of opinion that the sum of $50

allowed for such services would be reasonable in any jurisdiction, and we would not be disposed to reverse the judgment even if there be error in the rulings of the court upon the evidence relative thereto.

The foregoing views render it unnecessary to determine the questions as to the propriety of the rulings of the court upon the instructions offered and refused. It will suffice to say that any error in that particular was not prejudicial.

The judgment of the Circuit Court is affirmed.

*Affirmed.*