# First State Bank of Pond Creek, Oklahoma, Appellee, v. Frank G. Clark, Appellant.

## Gen. No. 21,915.

1. ATTACHMENT, § 330*—*what is measure of in action of trespass by rightful owner of garnished fund.* A bank which interpleads in attachment proceedings claiming the right to the funds in the hands of the garnishee and obtains judgment in its favor may, in an action in trespass, recover as damages interest on the sum during the period of its detention, and stenographic expenses and attorney's fees necessarily incurred in establishing its right to the fund in question.

2. TRIAL, § 199*—*when verdict is properly directed.* A verdict is properly directed where there is no conflict in the evidence on the issues involved.

3. ATTACHMENT—*when declaration states good cause of action for trespass.* In an action in tort by a bank, which interpleaded in attachment proceedings commenced by the defendant and obtained judgment in its favor, to recover costs and damages alleged to have been sustained by reason of the wrongful suing out and levying of such attachment, the declaration *held* to state a good cause of action in trespass, whether designated as a statutory or common-law action.

4. ATTACHMENT, § 338*—*what is liability at common law for wrongful issuance and levying of writ.* Under the common law the mere wrongful suing out and levying of an attachment writ, without proof of malice and want of probable cause on the part of the attachment plaintiff, affords the injured party a right of action in trespass or case.

5. ATTACHMENT, § 323*—*what are remedies in case of wrongful issuance and levying of writ.* The remedy provided by the Attachment Act, ch. 11, secs. 4, 5 (J. & A. ¶¶ 495, 496), for an action on the bond in case of wrongful issuance and levying of the writ of attachment is not exclusive, but suit may be brought either in tort or on the bond.

6. ATTACHMENT, § 325*—*when action of trespass lies.* Force is not indispensable to support an action in trespass, and such an action lies in favor of one who interpleaded in an attachment case in which funds were garnished and secured a judgment in its favor against the attachment plaintiff, as the effect of the service of the garnishee summons was to deprive the rightful owner of the use and enjoyment of such funds during the pendency of the suit.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Superior Court of Cook county; the Hon. Marcus A. Kavanagh, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 19, 1916.

Charles A. Williams and Albert Martin, for appellant.

Silber, Isaacs, Silber & Woley, for appellee; Frederick D. Silber, of counsel.

Mr. Justice McDonald delivered the opinion of the court.

This suit is the aftermath of an attachment proceeding brought by appellant in the Municipal Court of Chicago against the Pond Creek Mill & Elevator Company, in which the appellee, the First State Bank of Pond Creek, Oklahoma, interpleaded, claiming the right to the funds in the hands of the garnishee, Durand & Kasper Company of Chicago. Upon hearing, the court found the issues for the interpleader and entered judgment thereon, dismissed the attachment suit at appellant's costs, and discharged the garnishee. On appeal to this court the judgment was affirmed. (*Clark v. Pond Creek Mill & Elevator Co.*, 175 Ill. App. 374.) This action in tort is brought by appellee to recover costs and damages alleged to have been sustained by reason of the wrongful suing out and levy of the attachment in question. At the close of appellee's case, appellant moved for a directed verdict in his favor, which motion was overruled, whereupon both parties rested. On motion of the appellee, the court directed a verdict for appellee for the sum of $1,500.27. Judgment was entered thereon, from which this appeal is prosecuted.

The vital question presented for determination is the right of appellee to maintain this action. Subordi-

nate thereto is the question whether this action was brought in trespass under the statute or at common law. In our opinion, the latter is immaterial.

The declaration proceeds upon the theory that an attachment was wrongfully sued out and levied upon the funds of appellee, then in the hands of the garnishee, whereby appellee was wrongfully deprived of the possession and use thereof, and was otherwise damaged and put to great expense in repossessing itself of said fund. The declaration states a good cause of action in trespass, whether it be designated as a statutory or a common-law action.

It is contended by appellant that under the common law the mere wrongful suing out and levy of an attachment writ, without proof of malice and want of probable cause on the part of the attachment plaintiff, does not afford the injured party a right of action in trespass or case. We cannot agree with this contention.

In 4 Cyc. 766, it is stated:

"In an action to recover damages for depriving a third party of the possession and use of his property, it is sufficient to aver that the attachment and levy thereof was wrongful; it not being necessary to allege that the attachment was malicious and without probable cause."

And in Shinn on Attachment it is stated, p. 671:

"Defending an interpleader filed by an owner of goods on a writ against another, will be evidence of the attaching creditors' assent to the seizure by the officer and will render such creditor liable in trespass."

In 3 Am. & Eng. Encyc. of Law (2nd Ed.) 245, the general rule of law is set forth as follows:

"In a few jurisdictions it is maintained that to give an attachment defendant a right of action for the wrongful suing out of an attachment, independently of statute and not under the attachment bond, proof of malice is necessary. But the more prevalent rule

is that the attachment defendant has a right of action not based upon the bond, but sounding in tort for an attachment merely wrongful.''

In *Thomas v. Hinsdale,* 78 Ill. 259, it was held the defendant in attachment who had been wrongfully complained against might sue on the attachment bond or bring an action in trespass. While the decisions on this point are not in entire harmony, yet, in our opinion, the weight of authority and of reason supports the view that even in the absence of malice and probable cause, an action at common law may be brought by the injured party for the wrongful suing out and levying of an attachment writ.

It is further contended by appellant that the only remedy afforded by the statute for the wrongful suing out of a writ of attachment is an action on the bond provided for in sections 4 and 5 of the Attachment act, ch. 11, Rev. St. Ill.  (J. & A. ¶¶ 495, 496.)

Section 4, *supra,* provides that before an attachment writ shall issue, plaintiff shall be required to give bond payable to the defendant, in double the sum claimed to be due, ''conditioned for satisfying all costs which may have been awarded to such defendant or to any others interested in said proceedings, and all *damages* and *costs* which shall be recovered against the plaintiff for wrongfully suing out such attachment.''  (Italics ours.)  Section 5, *supra,* prescribes the form of the bond and provides that in case of the failure of the attachment plaintiff to prosecute the suit with effect, he shall pay the obligee all such *costs* in said suit and such *damages* as shall be awarded against the plaintiff in attachment, in any *suit or suits* which may thereafter be brought for the wrongful suing out of the said attachment. In our opinion, this provision does not restrict the right of the injured party to an action on the bond. And this for obvious reasons. The bond is given simply by way of security, which the injured party, in seeking re-

dress, may, at his option, avail himself of or not. If it should develop that the bond is invalid, can it be said that the injured party loses his right of action as a result thereof? To so hold, under such circumstances, would be tantamount to a denial to such injured party of a right which the statute expressly gives him, viz., to recover for all the damage he has sustained as a result of the wrongful suing out and levy of the writ of attachment. We are of the opinion that suit may be brought either in tort or on the bond. Nor is there a lack of authority to sustain this view. Statutes containing similar provisions have been so construed in other jurisdictions. In *Talbott v. Great Western Plaster Co.*, 151 Mo. App. 538, the court stated, p. 543:

"The province of the attachment bond is to give security to the defendant on which he may rely if the attachment be wrongfully sued out and as to the sureties is the foundation of their liability. Not so, however, as to the plaintiff, who wrongfully avails himself of process which is too often used for purposes and in cases never contemplated by law. As against a plaintiff using such process, the basis of his liability is its abuse or wrongful use whereby a defendant is deprived of the use and possession of his property, or it may be of the property itself.

"In *Sanders v. Hughes, supra* [2 Brev. (S. C.) 495], the court said that 'the plaintiff is not bound to sue upon such bond, for any injury he may sustain for suing out the attachment. But he may sue at common law. The bond was intended as additional security." * * *

"Our conclusion is that an action for wrongful attachment may be maintained, for actual damages, without reference to whether a bond has been given and without proof of malice and want of probable cause."

To the same effect are: *Jerman v. Stewart, Gwynne & Co.*, 12 Fed. 266; *McKinstry v. Bras,* 180 Ill. App. 648.

The point is made by appellant that the mere service of summons upon the garnishee did not amount to a levy on the funds in question. The effect of the service of the garnishee summons was to deprive appellee of the use and enjoyment of the fund in question during the pendency of the suit. We see no distinction in effect between such a deprivation of funds and the actual levying of an attachment writ upon personal property. Force is not indispensable to support an action in trespass. *Gundermann v. Buschner,* 73 Ill. App. 180; *Chicago Title & Trust Co. v. Core,* 223 Ill. 58; 38 Cyc. 1004.

The damages allowed appellee included interest on the fund during the period of its retention, and stenographic expenses and attorney's fees necessarily incurred by appellee in establishing its right to the fund in question. These were all proper elements of appellee's damages, and were therefore rightfully allowed by the court. (*Twidwell v. Smith,* 158 Ill. App. 142; *Harts v. Wendell,* 26 Ill. App. 274; *Damron v. Sweetser, Caldwell & Co.,* 16 Ill. App. 339.) There being no conflict in the evidence on the issues involved, the court properly directed a verdict for the plaintiff. *Marshall v. John Grosse Clothing Co.,* 184 Ill. 421.

Finding no reversible error, the judgment will be affirmed.

*Affirmed.*