Foley Brokerage Company, Appellee, v. Feldman Bros. Commission, Inc., Appellant.

Gen. No. 43,724.

Opinion filed February 5, 1947. Released for publication February 21, 1947.

IRVING G. ZAZOVE, of Chicago, for appellant.

OSCAR S. SEAVER and J. EDWARD JONES, both of Chicago, for appellee.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

By this appeal defendant seeks to reverse a judgment for $832.78 entered on the verdict of a jury in an action to recover damages for wrongful garnishment of plaintiff's funds. The essential facts are uncontroverted.

In 1938 defendant corporation obtained an alleged judgment in the circuit court of Cook county for the sum of $723.80 and costs of $30.50 against Western Tree Company, "a corporation." Western Tree Company was merely a trade name used by C. G. Sherman. In that proceeding Sherman, a resident of Kalispel, Montana, was not made a party nor was he served with process.

On December 11, 1939 defendant corporation instituted garnishment proceedings against Central National Bank in Chicago, a corporation, hereinafter called Central Bank, as garnishee. When the summons was served on the bank as garnishee it held the proceeds of certain drafts in the sum of $4,076.50 belonging to Sherman.

On December 13, 1939 defendant corporation brought another garnishment proceeding against Continental Illinois National Bank and Trust Company of Chicago, hereinafter called Continental Bank, as garnishee. At the time the garnishment summons was served in this proceeding the bank had on hand the sum of $3,001.76, representing the proceeds of certain drafts credited to the account of C. G. Sherman. On the day the second garnishment proceeding was filed, December 13, 1939, Sherman assigned to the plaintiff herein all his interest in the aforesaid drafts and the proceeds thereof. Afterwards, on December 29, 1939, by order of the circuit court, Central Bank turned over to Continental Bank the proceeds in Sherman's account in the sum of $4,076.50, and was discharged as garnishee. On December 29, 1939 plain-

tiff filed its petition in the garnishment proceeding against Continental Bank claiming all of the proceeds of the drafts totaling $7,078.26, as the assignee of Sherman. On April 29, 1940 the court sustained the motion of plaintiff to strike the amended answer of the defendant corporation to plaintiff's intervening petition and discharged Continental Bank as garnishee.

The bill of complaint in the instant case alleges that as a result of the wrongful acts of defendant, plaintiff was deprived of the use of its funds, $7,078.26, for four and one half months, the interest on which at five per cent amounted to $132.71; that fair and reasonable attorney's fees for services in the garnishment proceedings amounted to $700; and that it expended money for court costs, witness fees, court reporter's fees, notary and commissioner's fees and expenses in taking depositions of witnesses which amounted to $200, making a total of $1,032.71.

The record discloses that the garnishment proceedings instituted by the defendant corporation against Central Bank and Continental Bank were both predicated on a void judgment, since Western Tree Company, a corporation was nonexistent. All these facts were alleged in plaintiff's intervening petition in the garnishment suit. It appears that in the garnishment proceeding plaintiff also petitioned the court to release all of its funds in excess of $1,000, which was more than sufficient to secure defendant's alleged judgment. Defendant strenuously objected, and plaintiff's petition was denied. There was no evidence adduced by defendant tending to controvert any of the allegations of plaintiff's intervening petition. Throughout the entire proceeding defendant resisted every attempt by plaintiff to repossess itself of its funds, thus tying up $7,078.26 for a period of four and one half months.

Defendant's principal contention is that plaintiff cannot maintain an action for damages resulting from wrongful garnishment proceedings. In

*First State Bank of Pond Creek v. Clark,* 202 Ill. App. 283, 288, the court said: ''The effect of the service of the garnishee summons was to deprive appellee of the use and enjoyment of the fund in question during the pendency of the suit. We see no distinction in effect between such a deprivation of funds and the actual levying of an attachment writ upon personal property. Force is not indispensable to support an action in trespass. *Gundermann v. Buschner,* 73 Ill. App. 180; *Chicago Title & Trust Co. v. Core,* 223 Ill. 58.''

In his brief defendant's counsel asserts that the rule announced in *Ritter v. Ritter,* 381 Ill. 549 bars plaintiff from recovery ''even though the wrongful conduct of defendant was willful, intentional, malicious or fraudulent.'' Examination of the *Ritter* case discloses that the facts are not similar to those in the present case. There the question of abuse of process and special injury were not involved. We think the complaint alleged and the proof established a cause of action.

The extent of liability for a wrongful garnishment closely parallels the measure of damages for attachment. (McCormick on Damages, sec. 109, p. 388.) The damages allowed plaintiff for interest on the fund during the period of its retention, and attorney's fees necessarily incurred by it in establishing its right to the fund in question, were all proper elements. (*First State Bank of Pond Creek v. Clark,* 202 Ill. App. 283.) The evidence shows that the attorney's fees incurred by plaintiff were much greater than those allowed by the jury in its verdict. Under the circumstances we think that the judgment is amply justified by the evidence.

In the garnishment proceedings plaintiff made a motion under rule 18 of the Supreme Court relating to admissions from the adverse party. Defendant maintains that the court's refusal to allow plaintiff expenses for making certain proof and ''reasonable

counsel fee" in the garnishment proceedings bars recovery of expenses and attorney's fees in the instant proceeding. Rule 18 relates merely to procedure and is designed to improve the administration of justice. (*Wintersteen v. National Cooperage & Woodenware Co.*, 361 Ill. 95; *Pick Co., Inc. v. Valos*, 327 Ill. App. 404, 408.) Denial of plaintiff's motion for allowance of expenses and reasonable attorney's fees under rule 18 did not involve a determination of any issuable fact in the garnishment proceeding. Therefore the rule of *res adjudicata* has no application in the present proceeding.

We have considered the other points urged and the authorities cited in support thereof but in the view we take of this case we deem it unnecessary to discuss them.

For the reasons stated, the judgment is affirmed.

*Judgment affirmed.*

KILEY and BURKE, JJ., concur.