MICHAEL NERI, Plaintiff-Appellee, v. J.I. CASE COMPANY, d/b/a Case Power and Equipment Company, Defendant-Appellant (Des Plaines National Bank, Defendant).

Second District No. 2—90—0525

Opinion filed January 15, 1991.

Michelle T. Miller, of Woodridge, for appellant.

Steven C. Carbon, of Kupisch, Hunt, Carbon & Kaiser, of Bensenville, and Jerome Marvin Kaplan, of Batler & Schwartz, of Buffalo Grove, for appellee.

PRESIDING JUSTICE REINHARD delivered the opinion of the court:

Defendant, J.I. Case Co., appeals from a judgment entered in favor of plaintiff, Michael Neri, on a small claims complaint alleging wrongful garnishment. Following a bench trial, the trial court entered judgment in favor of plaintiff in the amount of $6,152.30 for attorney fees and costs: $1,642.80 for defending against an initial garnishment proceeding and $4,509.50 for litigating the small claims action.

Defendant raises five issues: (1) whether it had a statutory right to garnish under the circumstances; (2) whether plaintiff was prejudiced by defendant's failure to include the last known address of the judgment debtor; (3) whether plaintiff's remedy is governed by statute; (4) whether plaintiff has proved wrongful garnishment; and (5) whether plaintiff was properly awarded his attorney fees expended to recover under the wrongful garnishment cause of action.

On April 14, 1987, judgment was entered in a prior action in favor of J.I. Case, defendant herein, against an individual named Michael Neri in the amount of $6,404. The judgment in this first action was and remains unpaid. The same attorneys who represented J.I. Case in the instant action also represented another party plaintiff in a second, unrelated action in which the defendant's name was also Michael Neri. The attorneys sent a demand letter to a Michael Neri for payment in the second case. In response, that Michael Neri pur-

chased a cashier's check in the amount of $1,000 payable to the plaintiff in the second case, drawn from the Des Plaines National Bank, and sent it to the attorneys. The attorneys assumed that the Michael Neri in the first action was the same as the Michael Neri in the second action and that he had an account at Des Plaines National Bank. The attorneys then garnished an account belonging to Michael Neri at Des Plaines National Bank. The account garnished was plaintiff's, and he was not the same Michael Neri who was the party defendant in either of the two cases.

On May 17, 1988, plaintiff's account was garnished, thereby freezing the $3,240.51 in the account. Plaintiff hired an attorney, August Pilati, to defend this garnishment. On June 17, 1988, defendant's attorneys determined that the signatures of the two Michael Neris, the correct judgment debtor and the plaintiff, were so dissimilar that the two could not have been from the same person, and they agreed to the entry of an order quashing the garnishment.

On February 16, 1989, plaintiff filed a small claims complaint against defendant for "an unwarranted seizure and garnishment of funds" and against Des Plaines National Bank, now known as Plainsbank, for "unreasonably seiz[ing] and garnish[ing] funds of plaintiff *** without legal justification."

On March 13, 1990, following a bench trial, the trial court found defendant "guilty of wrongful garnishment under statute and common law standard of care," entered judgment in favor of plaintiff in the amount of $1,625.30 for his attorney fees and $17.50 for costs expended in the garnishment proceedings and reserved awarding plaintiff his attorney fees for the small claims complaint. The trial court had previously granted Plainsbank's motion for a directed finding at the close of plaintiff's evidence. Plaintiff has not appealed from this order. On March 21, 1990, after a hearing on the issues of attorney fees, the trial court entered judgment in favor of plaintiff in the amount of $4,509.50, of which $4,360 was for attorney fees and $149.50 was for costs in the small claims action.

■ A cause of action for wrongful garnishment exists in Illinois. (*Foley Brokerage Co. v. Feldman Brothers Comm'n, Inc.* (1947), 330 Ill. App. 372, 375, 71 N.E.2d 354.) No real distinction exists between wrongful garnishment and wrongful attachment. (*Gundermann v. Buschner* (1897), 73 Ill. App. 180, 184.) It has also been held that a wrongful garnishment can be the basis of a malicious prosecution suit, but all the elements of malicious prosecution must still be alleged for a complaint to state a cause of action. (*Kurek v. Kavanagh, Scully, Sudow, White & Frederick* (1977), 50 Ill. App. 3d 1033, 1038, 365

N.E.2d 1191.) Therefore, although malicious prosecution based on wrongful garnishment requires that malice and want of probable cause be shown (*Gundermann*, 73 Ill. App. at 184), such are not required elements for a cause of action for wrongful garnishment or attachment. (See *First State Bank v. Clark* (1916), 202 Ill. App. 283, 285.) The quashing of the garnishment or attachment establishes that such procedure was wrongful. (See *Gale v. Transamerica Corp.* (1978), 65 Ill. App. 3d 553, 557, 382 N.E.2d 412.) It has been stated that a garnishment is wrongful when the plaintiff has no cause of action or no indebtedness exists. 6 Am. Jur. 2d *Attachment & Garnishment* §601 (1963).

■ We need only briefly discuss defendant's first three contentions. First, defendant contends that it had a statutory right to garnish plaintiff's account because it had a valid judgment and believed Des Plaines National Bank had in its control property belonging to the judgment debtor, which is all that section 12—701 of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1987, ch. 110, par. 12—701) requires before filing an affidavit for garnishment. Although defendant may have believed that plaintiff was the judgment debtor and that it possessed a valid judgment against plaintiff, this argument avoids the basic issue of whether defendant had a right to garnish an innocent third party with the same name as the judgment debtor who, in fact, was not the judgment debtor. There is no statutory right to garnish property of one who is not a judgment debtor.

■ Second, defendant contends that its failure to include the last known address of the judgment debtor, as required by section 12—701 of the Code, did not prejudice plaintiff. Plaintiff contends that if the address had been included in the affidavit, Des Plaines National Bank would have known that plaintiff was not the judgment debtor and would, therefore, not have garnished plaintiff's account. Defendant's failure to include the last known address of the judgment debtor does not resolve the issue of whether defendant wrongfully garnished plaintiff's account.

■ Third, defendant contends that plaintiff has a statutory remedy under section 12—710 of the Code which allows any person making a claim on the property garnished to maintain an action as an adverse claimant. Defendant contends that because there is no statutory authority to award attorney fees to such adverse claimants, the trial court erred in granting attorney fees. Although the trial court found that plaintiff had successfully proved wrongful garnishment "under statute and under common law standard of care," plaintiff argues that its cause of action was based solely on the common law. Thus,

even assuming plaintiff falls within the class of persons intended in section 12—701, defendant's contention does not prevent an award of attorney fees under the common-law cause of action of wrongful garnishment. Although defendant is correct that no attorney fees can be awarded for garnishment actions pursuant to the garnishment provisions of section 12—701 *et seq.* of the Code, as contrasted to the statutory provisions for attorney fees for wrongful issuance of wage deductions under section 12—817 of the Code, the trial court's judgment based on both the Code and the common law does not preclude recovery because a reviewing court may affirm on any basis appearing in the record. *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417.

In this case, defendant garnished the wrong person's account. Plaintiff was an innocent party, and although defendant, as judgment creditor, had a valid judgment against a person named Michael Neri, defendant had no right to garnish plaintiff's account simply because he had the same name as the judgment debtor. The effect of garnishing the wrong Michael Neri's account was to deprive plaintiff of the use and enjoyment of his money. (See *First State Bank*, 202 Ill. App. at 288.) Therefore, plaintiff proved a common-law cause of action for wrongful garnishment.

Defendant attempts to distinguish *Foley Brokerage Co. v. Feldman Brothers Comm'n, Inc.* (1947), 330 Ill. App. 372, 71 N.E.2d 354 (wrongful garnishment), and *Baird v. Liepelt* (1965), 62 Ill. App. 2d 154, 210 N.E.2d 1 (wrongful attachment), from this case on the basis that those cases involved attempts to garnish or attach based on void judgments. This distinction is unpersuasive. In both those cases and this case, the defendants had no right to garnish or attach. Basing a garnishment on a void judgment can result in a wrongful garnishment action because the judgment creditor has no right to the property garnished. Similarly, basing a garnishment on a judgment against a person who has the same name can result in a wrongful garnishment action because, again, the judgment creditor has no right to the property garnished. Although defendant has a right to garnish the account of Michael Neri, the judgment debtor, defendant has no right to garnish plaintiff Michael Neri's account merely because the names are the same.

In its reply brief, defendant contends that, because there was no expert testimony regarding the standard of care, there could be no finding of a deviation of that standard. This contention is waived because defendant failed to argue this in its initial brief and cannot now argue it for the first time in its reply brief. (113 Ill. 2d R. 341(e)(7);

*Village of Crainville v. Argonaut Insurance Co.* (1980), 81 Ill. 2d 399, 405, 410 N.E.2d 5.) In any event, no authority is cited for this proposition, and we find it has no merit.

Because plaintiff has successfully proved a cause of action for wrongful garnishment, it must be determined what damages are recoverable. Defendant contends that plaintiff should not be entitled to his attorney fees in the small claims action. Plaintiff contends that attorney fees for both defending against the initial garnishment action and for litigating the small claims action are recoverable.

■ In a wrongful garnishment action, attorney fees incurred in establishing the right to the funds in question are recoverable as damages. (*Foley Brokerage Co.*, 330 Ill. App. at 375, 71 N.E.2d at 355; *Baird*, 62 Ill. App. 2d at 156-57, 210 N.E.2d at 2.) The extent of liability for a wrongful garnishment closely parallels the measure of damages for attachment (*Foley Brokerage Co.*, 330 Ill. App. at 375, 71 N.E.2d at 355), and damages may include attorney fees as well as personal expenses incurred in setting aside the attachment. *Gale*, 65 Ill. App. 3d at 557 n.2, 382 N.E.2d at 415 n.2.

■ Clearly, the attorney fees of $1,625.30 expended in defending the initial garnishment action and the $17.50 for costs are recoverable. Defendant does not contend otherwise. However, the attorney fees expended in bringing the small claims action are not recoverable because they were not incurred in setting aside the garnishment or establishing a right to the account. Those objectives were accomplished in the initial garnishment proceeding in which the garnishment was quashed. Although plaintiff expended $4,360 in attorney fees in the small claims proceeding, generally, absent a statute or agreement, a successful litigant in a civil action may not recover attorney fees or the ordinary expenses of litigation. *Saltiel v. Olsen* (1981), 85 Ill. 2d 484, 488, 426 N.E.2d 1204.

Therefore, the order of the circuit court of Du Page County awarding attorney fees and costs of $1,642.80 in the garnishment proceeding is affirmed. However, the order awarding $4,360 for attorney fees incurred in the small claims action is reversed.

Affirmed in part; reversed in part.

UNVERZAGT and DUNN, JJ., concur.