DONALD SCHAK, Plaintiff-Appellant, v. ROBERT BLOM, Defendant (Cathy Riehs-Vlad, Adverse Claimant-Appellee).

First District (3rd Division)    No. 1—01—1196

Opinion filed September 25, 2002.—Rehearing denied August 13, 2002.

130

Scott M. Annes, of Chicago, for appellant.

Robert Markoff, of Baker, Miller, Markoff & Krasny, of Chicago, for appellee.

PRESIDING JUSTICE SOUTH delivered the opinion of the court:
Plaintiff, Donald Schak, operated a commercial office building on 800 E. Northwest Highway in Palatine, Illinois. Defendant, Robert Blom, rented suite 90 at 800 E. Northwest Highway from plaintiff. On November 23, 1994, the parties entered into an agreement whereby defendant acknowledged and agreed to pay $11,000 over a 24-month period for back rents due since December 1, 1992. On October 1, 1996, the parties entered into another agreement in which defendant acknowledged a $56,734.78 debt and granted plaintiff a security interest in his business equipment.

On May 23, 1997, plaintiff filed a complaint for breach of contract against defendant. On June 7, 1997, Lee Michaels, the special process server, served defendant at 21235 Linden Street in Kildeer, Illinois, the address defendant listed as his residence in the October 1, 1996, agreement. On January 27, 1998, after defendant had failed to appear and answer, the trial court entered a judgment by default in favor of plaintiff and against defendant in the amount of $56,734.78.

Adverse claimant Cathy Riehs-Vlad originally owned 21235 Linden. In March 1995, she entered into a real estate sale contract with defendant for 21235 Linden. She quitclaimed her interest in 21235 Linden into a land trust where she was the beneficiary. Defendant jointly held the power of direction in the trust with Riehs-Vlad via the contract and installment agreement to purchase.

On April 29, 1997, Riehs-Vlad notified defendant by certified mail that she planned to declare him in default under the contract unless payments were made by May 10, 1997. Defendant had failed to make payments from October 1, 1996, through April 1, 1997. The 1995 real estate taxes were also outstanding. In June 1997, defendant vacated the premises and executed an assignment of beneficial interest stating that he assigned any and all interest he had in the trust to Riehs-Vlad.

On March 18, 1998, plaintiff issued a citation to discover assets to defendant at 21235 Linden. Plaintiff later learned that the property at 21235 Linden that defendant had listed as his residence was held in a land trust, No. 1101240, by the Chicago Title and Trust Company (Chicago Title). On April 17, 1998, plaintiff issued a third-party citation to discover assets to Chicago Title for information regarding the land trust. On April 20, 1998, plaintiff filed an emergency motion to prohibit transfer of assets and subsequently block the pending sale of 21235 Linden, which was to take place on April 22, 1998. Plaintiff served Chicago Title with notice of this motion. On April 21, 1998, the trial court entered an order that Chicago Title direct that $85,102.17 of the sale proceeds of 21235 Linden be placed in a title indemnity escrow account at Attorneys' Title Guaranty Fund, Inc. (Attorneys' Title), which was Riehs-Vlad's closing agent for 21235 Linden. On April 22, 1998, plaintiff issued a citation to discover assets to Attorneys' Title, which failed to respond. That same day, Chicago Title deeded out title to 21235 Linden, and the funds were deposited into the escrow account.

On May 19, 1998, plaintiff filed a motion for turnover of funds, which the trial court granted on May 27, 1998. The notice attached to the motion stated that it was an emergency motion to prohibit transfer of assets. Attorneys' Title forwarded $58,887.01 to plaintiff's counsel. Subsequent thereto, Riehs-Vlad filed a motion to quash the turnover order based upon the fact that defendant, Blom, had no interest in the property. Defendant filed for bankruptcy on October 5, 1999. On July 26, 2000, the trial court granted Riehs-Vlad's motion to quash the turnover order. The trial court stated that defendant had no interest in the assets turned over to plaintiff and that a turnover order should not have been entered pursuant to the notice given by plaintiff. Plaintiff filed a motion to reconsider, which was denied. The court also stated in that order that the emergency notice of motion to prohibit transfer of assets that accompanied the motion for turnover of assets was an error. Riehs-Vlad also filed a motion for interest and attorney fees, which was granted. Subsequently, Riehs-Vlad filed a motion to clarify, which the trial court did, stating that: "(1) plaintiff failed to serve Riehs-Vlad with proper notice of the motion for hearing on the

motion for a turnover order (Order of July 26, 2000); (2) defendant had no interest in the funds that were subsequently turned over to plaintiff by virtue of the turnover order (Order of July 26, 2000); (3) the turnover order entered on May 28, 1997 was void (Order of July 26, 2000); this court has the inherent authority to return these parties to their pre-May 27, 1998 status (Order of November 30, 2000); and (4) Riehs-Vlad was entitled to the return of $58,887.01 (Order of September 19, 2000) as well as interest and attorney fees (Order of November 30, 2000)."

Plaintiff raises five issues: (1) whether the trial court erred in vacating the May 27, 1998, turnover order; (2) whether the trial court erred in denying plaintiff's motion to reconsider its July 26, 2000, order; (3) whether the trial court erred in entering a judgment in favor of the adverse claimant in its September 19, 2000, order; (4) whether the trial court erred in denying plaintiff's motion to reconsider the November 30, 2000, order; and (5) whether the trial court erred in awarding adverse claimant attorney fees and interest.

We first consider whether the trial court erred in vacating the May 27, 1998, turnover order, which granted the motion for turnover.

"Supplementary proceedings.

(a) A judgment creditor, or his or her successor in interest when that interest is made to appear of record, is entitled to prosecute supplementary proceedings for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor not exempt from the enforcement of the judgment, a deduction order or garnishment, and of compelling the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment. A supplementary proceeding shall be commenced by the service of a citation issued by the clerk. ***
* * *
(c) When assets or income of the judgment debtor not exempt from the satisfaction of a judgment, a deduction order or garnishment are discovered, the court may, by appropriate order or judgment:
* * *
(3) Compel any person cited, other than the judgment debtor, to deliver up any assets so discovered, to be applied in satisfaction of the judgment, in whole or in part, when those assets are held under such circumstances that in an action by the judgment debtor he or she could recover them in specie or obtain a judgment for the proceeds or value thereof as for conversion or embezzlement." 735 ILCS 5/2—1402(a), (c) (West 1996).

■ Section 2—1402(a) of the Code of Civil Procedure (Code), the statute authorizing the citation action, provides a mechanism by which

a judgment creditor may initiate supplementary proceedings to discover the assets of a judgment debtor or third party and apply those assets to satisfy the judgment. 735 ILCS 5/2—1402(a) (West 1996); *Ericksen v. Rush-Presbyterian-St. Luke's Medical Center*, 289 Ill. App. 3d 159, 166, 682 N.E.2d 79, 84 (1997), *appeal denied*, 174 Ill. 2d 559, 686 N.E.2d 1160 (1997). When the debtor has an interest in a land trust, a citation to discover assets validly served on both the trustee of the land trust and the judgment debtor creates a lien in any interest held by the judgment debtor in that land trust. *In re Nowicki*, 202 B.R. 729, 737 (N.D. Ill. Bankr. 1996). Although the beneficiary of a trust retains certain limited powers, the trustee of a standard land trust retains sufficient control over the beneficial interest to direct its sale or transfer upon an order of the court. *In re Barone*, 184 B.R. 747, 749 (N.D. Ill. 1995).

These proceedings may be initiated only after the circuit court enters a judgment. *Ericksen*, 289 Ill. App. 3d at 166, 682 N.E.2d at 84. Before a judgment creditor may proceed against a third party who is not the judgment debtor, the record must contain some evidence that the third party possesses assets of the judgment debtor. Only then does the citation court have the jurisdiction to order that party to produce those assets to satisfy the judgment. *Ericksen*, 289 Ill. App. 3d at 166, 682 N.E.2d at 84. If the third party possesses no assets of the judgment debtor, then the court has no authority to enter any judgment against the third party in a supplementary proceeding. *Ericksen*, 289 Ill. App. 3d at 166-67, 682 N.E.2d at 84.

Therefore, the only relevant inquiries in supplementary proceedings are (1) whether the judgment debtor is in possession of assets that should be applied to satisfy the judgment or (2) whether a third party is holding assets of the judgment debtor that should be applied to satisfy the judgment. *Pyshos v. Heart-Land Development Co.*, 258 Ill. App. 3d 618, 623, 630 N.E.2d 1054, 1057 (1994). The provisions of section 2—1402 are to be liberally construed, and the burden lies with the petitioner to show that the citation respondent possesses assets belonging to the judgment creditor. *Mid-American Elevator Co. v. Norcon, Inc.*, 287 Ill. App. 3d 582, 587, 679 N.E.2d 387, 390 (1996).

In order to proceed against a party who is not the judgment debtor in a supplementary proceeding, the record must contain some evidence showing that the third party possessed assets of the judgment debtor. *Pyshos*, 258 Ill. App. 3d at 623, 630 N.E.2d at 1057. Nothing in the Code authorizes the entry of a judgment at a supplementary proceeding against a third party who does not possess assets of the judgment debtor. *Pyshos*, 258 Ill. App. 3d at 623, 630 N.E.2d at 1057. A review of the record indicates that Riehs-Vlad did

not possess assets of defendant. Plaintiff initiated supplementary proceedings in March of 1998. Defendant assigned his interest in the land trust to Riehs-Vlad in June 1997. We find that the lower court properly vacated its May 27, 1998, turnover order as plaintiff failed to demonstrate that the trust assets belonged to defendant.

■ The next issue that we consider is whether the trial court erred in denying plaintiff's motion to reconsider its July 26, 2000, order, which granted the motion to quash in favor of Riehs-Vlad. Section 2—1402 allows a creditor to perfect its lien in property of a judgment debtor against which the creditor may seek satisfaction of its judgment by serving a citation to discover assets on both the trustee of the land trust and the judgment debtor. *Nowicki,* 202 B.R. at 737. Whether or not plaintiff's service of the citation was proper is irrelevant inasmuch as Riehs-Vlad did not possess assets of defendant because defendant assigned any interest he had in the land trust to Riehs-Vlad in June of 1997. The trial court properly denied plaintiff's motion to reconsider.

The next issue is whether the trial court erred in entering a judgment in favor of Riehs-Vlad and against plaintiff in its September 19, 2000, order. That order corrected the July 26, 2000, order to confirm that the motion for turnover was not brought as an emergency and that Riehs-Vlad's motion to quash was upheld, awarding her a judgment against Schak.

■ The trial court stated in its November 30, 2000 order:
"Plaintiff wrongfully obtained control of these funds by virtue of this court's order of May 27, 1998. This court has inherent authority to return these parties to their pre-order status. Since this status cannot be accomplished by simply vacating the May 27th order, the judgment that was apparently entered against the plaintiff on September 19, 2000 is the best mechanism to make the parties whole."

We concur. A judgment or order is void where it is entered by a court or agency that lacks personal jurisdiction, subject-matter jurisdiction, or the inherent power to enter the particular judgment or order, or where the order is procured by fraud. *Siddens v. Industrial Comm'n,* 304 Ill. App. 3d 506, 511, 711 N.E.2d 18, 21 (1999). An order is also void where the court exceeded its authority. *Wilder v. Finnegan,* 267 Ill. App. 3d 422, 425, 642 N.E.2d 496, 499 (1994). A void order is a complete nullity from its inception and has no legal effect and may be attacked, either directly or collaterally, at any time or in any court. *Siddens,* 304 Ill. App. 3d at 511, 711 N.E.2d at 21-22. Courts have a duty to vacate and expunge void orders from court records and thus may *sua sponte* declare an order void. *Siddens,* 304 Ill. App. 3d at 511,

711 N.E.2d at 22. We find, therefore, that the May 27, 1998, order was void and that Riehs-Vlad was entitled to recover the funds ordered turned over on that date. The court's order returning the $58,887.01 to Riehs-Vlad was proper as was its order denying the motion for reconsideration of that order.

■ The last issue that we consider is whether the trial court erred in awarding the adverse claimant, Riehs-Vlad, attorney fees and interest in its February 27, 2001, order.

In its February 27, 2001, order the trial court awarded Riehs-Vlad interest on the $58,887.01 that was withheld from her because of the May 27, 1998, turnover order as well as the attorney fees necessary to regain the $58,887.01.

"Supplementary proceedings.

\* \* \*

(g) If it appears that any property, chose in action, credit or effect discovered, or any interest therein, is claimed by any person, the court shall, as in garnishment proceedings, permit or require the claimant to appear and maintain his or her right. The rights of the person cited and the rights of any adverse claimant shall be asserted and determined pursuant to the law relating to garnishment proceedings." 735 ILCS 5/2—1402(g) (West 1996).

In a wrongful garnishment action, attorney fees incurred in establishing the right to the funds in question are recoverable as damages. *Neri v. J.I. Case Co.*, 207 Ill. App. 3d 409, 414, 566 N.E.2d 16, 19 (1991). The adverse claimant in the instant action is not only entitled to attorney fees but also to the interest incurred on the $58,887.01 during the period of its retention. In *Foley Brokerage Co. v. Feldman Brothers Comm'n, Inc.*, 330 Ill. App. 372, 375, 71 N.E.2d 354, 355 (1947), the court held that plaintiff was entitled to both attorney fees incurred in pursuit of the wrongfully obtained funds as well as interest for the period that the funds were retained.

For the foregoing reasons, the judgment of the lower court is affirmed.

Affirmed.

WOLFSON and HALL, JJ., concur.