OPINION
{¶ 1} This case was initiated by the filing of a motion for judgment debtor examination of Defendant-Appellant James Banks by counsel for Appellee, State of Ohio Department of Taxation upon a judgment purportedly obtained against "James Banks" in Licking County, Ohio. Appellant filed a Motion to Dismiss the case below and to cancel the Judgment Debtor Exam on the basis that appellant was not the same "James Banks" as the true judgment debtor. Included in the Motion was appellant's Affidavit stating that he had attempted to obtain a copy of the alleged judgment and/or any documentation supporting same from the Appellee-State but the State had failed to provide same.
 {¶ 2} Appellant further averred that the underlying judgment for withholding tax was obtained in Licking County, Ohio but that he had never lived in Licking County nor had any employees there. Appellant further stated by affidavit that at least one other James Banks lives and works in Licking County, Ohio and owes a debt to the State of Ohio for taxes, which "Licking County James Banks" is some 20 years younger than Appellant herein and has no relationship whatsoever to Appellant herein.
 {¶ 3} Appellant therefore sought an order requiring the appellee to provide documentation supporting the identity of the true judgment debtor prior to engaging in further collection activities and requiring that the funds seized by the State be returned to him.
 {¶ 4} The appellee filed a memorandum contra which included a July 6, 2005 letter from appellant in which the appellant disputed the judgment and requested documentation in support of the demand. The State further alleged that the judgment debtor and the appellant have the same address. (State of Ohio's Memorandum Opposing Defendant's Motion to Dismiss, filed Dec. 9, 2005).
 {¶ 5} The Trial Court treated appellant's motion to dismiss as a Civ. R. 12(B) (6) motion to dismiss for failure to state a claim. The court denied the motion upon a finding that appellee's Complaint states a claim and that the appellant cited no case law to support his position; however, the court found that appellee submitted evidence to the contrary. (Decision and Entry, filed December 20, 2005). The Trial Court entered an Order of Disbursement permitting the sum of $1,162.94 and court costs obtained from garnishment of Appellant's property to be disbursed to the State and the Court. (Order of Disbursement, filed December 20, 2005).
 {¶ 6} A timely Notice of Appeal was filed from the Trial Court's Judgment Entries, raising the following assignments of error for our consideration:
 {¶ 7} "I. THE TRIAL COURT ERRED IN RESOLVING THE ISSUE OF IDENTITY OF THE DEBTOR.
 {¶ 8} "II. THE TRIAL COURT ERRED IN DECIDING FACTUAL ISSUES ON A MOTION TO DISMISS AND THEREFORE DENIED DEFENDANT-APPELLANT HIS RIGHT TO DUE PROCESS".
 I. II. {¶ 9} Because appellant's assignments of error are interrelated we shall address them together.
 {¶ 10} Appellee, the State of Ohio, Department of Taxation has not filed a brief in this matter. Therefore, we may accept appellant's statement of facts and issues as correct and reverse the judgment if that action reasonably appears to be supported by appellant's brief. App.R. 18(C). State v. Caynor (2001),142 Ohio St.3d 424, 426, 2001-Ohio-3298, 755 N.E.2d 984, 986; Statev. Myers (1997), 119 Ohio App.3d 642, 645, 695 N.E.2d 1226,1228.
 {¶ 11} R.C. 2716.11 provides that: "[a] proceeding for garnishment of property, other than personal earnings, may becommenced after a judgment has been obtained by a judgment creditor by the filing of an affidavit * * *." (Emphasis added.)
 {¶ 12} Upon the filing of a proceeding for garnishment pursuant to R.C. 2716.11, the court must schedule a hearing, issue an order to the garnishee to answer and issue a notice and hearing request form to the judgment debtor. R.C. 2716.13(A); R.C. 2716.13(C) (1). If the judgment debtor disputes the judgment creditor's right to garnish his property, he must file the request for hearing form. R.C. 2716.13(C) (2). If he does not file the request for hearing form "the hearing scheduled pursuant to division (A) of this section shall be canceled," R.C.2716.13(C) (2), and the court shall issue an order to the garnishee to pay "based on the answer of the garnishee." R.C.2716.13(C) (5).
 {¶ 13} Although appellee may have believed that appellant was the judgment debtor and that it possessed a valid judgment against him, this argument avoids the basic issue of whether appellant had a right to garnish an innocent third party with the same name as the judgment debtor. There is no statutory right to garnish property of one who is not a judgment debtor. See, e.g.,Neri v. J.I. Case Co. (1991), 207 Ill.App.3d 409,566 N.E.2d 16.
 {¶ 14} Appellant did not file his request for a hearing within the time provided by statute; however, appellant did notify appellee by letter dated July 6, 2005 that he disputed the claim. (Plaintiff's Exhibit "B" attached to Plaintiff's Memorandum Opposing Defendant's Motion to Dismiss, filed December 9, 2005). Further, appellee requested and was granted a continuance of the Debtor's Exam from November 23, 2005 to December 1, 2005.
 {¶ 15} R.C. 2716.13(C), provides: "(3) If the judgment debtor does not request a hearing in the action within the prescribed time pursuant to division (C)(2) of this section, the court nevertheless may grant a continuance of the scheduled hearing if the judgment debtor, prior to the time at which the hearing was scheduled, as indicated on the notice to the judgment debtor required by division (C)(1) of this section, establishes a reasonable justification for failure to request the hearing within the prescribed time. If the court grants a continuance of the hearing, it shall cause the matter to be set for hearing as soon as practicable thereafter. The continued hearing shall be conducted in accordance with division (C) (2) of this section".
 {¶ 16} The trial court in this case construed appellant's motion as a motion to dismiss pursuant to Civ. R. 12 (B) (6). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. ofCommrs., 65 Ohio St.3d 545, 1992-Ohio-73. Appellant was not disputing the validity of the underlying judgment, but rather, was claiming that he was an innocent third party with the same name as the judgment debtor. This is an allegation that goes beyond the face of the complaint. The trial court could not resolve that issue by means of Civ. R. 12(B) (6). Rather, as appellant was contesting the fact that he was the judgment debtor, he was entitled to a hearing pursuant to R.C. 2616.13(C) (2) before the trial court ordered disbursement of the funds held by the garnishees.
 {¶ 17} A request for a garnishment hearing by a debtor does constitute a pleading for purposes of Civ. R. 11 and the filing of a request for a hearing in bad faith subjects an attorney to sanctions. Gordon Food Service, Inc. v. Hot Dog John's, Inc.
(Lucas 1991) 76 Ohio App.3d 105, 601 N.E.2d 131. Therefore a trial court or a judgment creditor is not without recourse if a request for a hearing is simply an attempt to stall collection efforts.
 {¶ 18} Appellant's assignments of error are sustained. The trial court's decision overruling appellant's motion to dismiss and the order of disbursement filed December 20, 2005 are vacated and this case is remanded to the trial court for further proceedings consistent with this opinion.
Gwin, J., Wise, P.J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the trial court's decision overruling appellant's motion to dismiss and the order of disbursement filed December 20, 2005 are vacated and this case is remanded to the trial court for further proceedings consistent with this opinion. Costs to appellee.