No. 3--07--0175

_____

Filed June 13, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | |
|---|---|
| In re MARRIAGE OF CHRISTINE ANN ) | Appeal from the Circuit Court |
| TAKATA, ) | of the 10th Judicial Circuit, |
| ) | Peoria County, Illinois, |
| Petitioner-Appellant, ) | |
| ) | |
| and ) | |
| ) | |
| FRED HAFLEY, ) | |
| ) | No. 03--D--631 |
| Respondent-Appellee ) | |
| ) | |
| ) | |
| (Lynne Hafley, ) | |
| ) | Honorable |
| Third-Party ) | Stephen A. Kouri, |
| Defendant-Appellee). ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the opinion of the court:
_____

The petitioner, Christine Ann Takata, filed a motion for
turnover against Lynne Hafley, the third-party defendant and wife
of the respondent, Fred Hafley.  The petitioner sought the
respondent's past-due child support from his asserted $31,067.83
interest in an individual retirement account (IRA) under the
third-party defendant's name.  The trial court denied the motion.
The petitioner appeals, arguing that the IRA was subject to
turnover under section 2--1402(c)(3) of the Code of Civil
Procedure (Code) (735 ILCS 5/2--1402(c)(3) (West 2006)) because:
(1) respondent's asserted interest in the IRA is not exempt from
a judgment creditor or a child support enforcement action; (2)

the IRA is the marital property of respondent and third-party defendant; and (3) the trial court improperly placed the burden of determining the extent of the respondent's interest in the IRA on the petitioner.  We reverse and remand.

FACTS

The petitioner and the respondent's marriage was dissolved on January 9, 1990.  The trial court awarded custody of the parties' two children to the petitioner and ordered the respondent to pay child support and provide health insurance for the children.

Since that time, the respondent has regularly failed to pay his child support obligations.  The petitioner has instituted numerous proceedings to compel the respondent to pay child support.  Nonetheless, the respondent fails to report his income to the trial court and only appears to pay his child support arrearage when he is found in contempt and ordered incarcerated.

Relevant to this appeal are the following facts.  On April 7, 2006, the petitioner initiated citation proceedings against the respondent and third-party defendant, seeking to discover the respondent's and third-party defendant's assets and income to satisfy $18,626.62 in judgments against the respondent.

On May 9, 2006, the trial court held a hearing on a rule to show cause.  The third-party defendant testified about her and the respondent's joint income tax return from 2002.  Under the income portion for pensions and annuities on the return, $64,274 is listed.  The third-party defendant did not know what that

2

amount represented.  She also testified about a $15,854 IRA distribution listed on the return.  She stated that the distribution was from her 401(k) account and that it was used to repay credit card debt and attorney fees.  The hearing was continued until July 18, 2006.

On July 18, 2006, the respondent's arrearage totaled $23,963.70.  The respondent testified about an interrogatory that he answered on December 22, 2005.  The interrogatory asked the respondent whether he owned any stocks, bonds, securities, or other investments in the preceding three years.  If so, he was asked to describe the investment and list any other owners of the investment.  The respondent answered the interrogatory: Lynne Hafley, Fidelity Investments, Fidelity Rollover IRA, $31,067.83. At the hearing, the respondent stated that he answered the question incorrectly because the money belonged to the third-party defendant and he did not have such an account.  The petitioner made an oral motion for turnover of the IRA account.

On August 9, 2006, the trial court found the respondent in indirect civil contempt for failure to pay his child support. The trial court ordered the respondent incarcerated and set bond at $10,000.  The trial court reserved ruling on petitioner's oral motion for turnover.

On August 24, 2006, the petitioner filed a motion for turnover against the third-party defendant, seeking the respondent's past-due child support from his asserted $31,000 interest in an IRA under the third-party defendant's name.  As of

3

the date of filing, the respondent owed $25,453.48 in past-due child support.

On September 21, 2006, the trial court released the respondent from custody. The trial court ordered the respondent to pay 30% of his income to the petitioner and to provide the trial court with a detailed accounting of his income and expenses. On November 7, 2006, the trial court ordered the respondent to pay 50% of his income to the petitioner and to provide her with copies of his pay stubs.

On November 20, 2006, the trial court held a hearing on the petitioner's motion for turnover. The respondent owed $25,568.22 on that date. The petitioner stated that she was proceeding under section 2--1402(c)(3) of the Code (735 ILCS 5/2--1402(c)(3) (West 2006)). Petitioner asserted that her burden was to show that the respondent would be entitled to a share of the IRA in a hypothetical cause of action, such as a dissolution proceeding, in order for the trial court to grant her motion.

With regard to the IRA, the petitioner and the trial court had the following interaction:

"THE COURT: I just want to know what--did you ever subpoena her records on the IRA or retirement account so that we can see what went in when?

MS. TAKATA: There wasn't enough information given to me. I was given a dollar amount and a name of a company, which I don't know where that company's located. I did ask for copies of all documentation showing the location of all

4

the assets held by Fred and Lynne Hafley. I was not given that information. Mr. Harrod, who represented Mr. Hafley in the past, he's the one that filed the interrogatory responses for Mr. Hafley asserting Mr. Hafley's interest in a $31,000 rolled over IRA held at some unknown location."

The petitioner and third-party defendant then proceeded to discuss matters unrelated to the IRA account. Finally, the trial court stated:

"THE COURT: But Ms. Takata, I'm--you keep confusing me. I thought we were talking about the retirement account. I know you want to say that Mr. Hafley is a thief and hides money, and maybe he is, but what does all that have to do with Ms. Hafley's retirement account.

\*\*\*

THE COURT: I understand your argument and I'm going to look up the case law on it. I understand that argument that, you know, Mr. Hafley, if he were to file a divorce action, could get to some of that and, therefore, you should be able to get to it. I understand that argument. I don't need to rehash [it] over and over. I've thrown the guy in jail at least three times, I think, because of, you know, what he does or doesn't do with money that you think he has. Okay. But I'm not going to redo that part of this case today. I'm looking at this retirement account. And even if Mr. Hafley is hiding all kinds of money and everything else, I understand your legal argument about the retirement

account. I don't think there's any factual dispute about it.

    *** But I'm not seeing that there's any big factual dispute about the IRA. It's a legal issue."

On December 7, 2006, the trial court denied the petitioner's motion for turnover. The trial court stated:

    "The interest Plaintiff seeks to recover is a 401(k) retirement account held in the name of Third Party Defendant. Plaintiff claims Defendant has an interest in that account by reason of his general disclosure in an interrogatory and by reason of his alleged potential marital interest in the assets in the purely speculative event of a divorce between Defendant and Third Party Defendant. Because there would theoretically be an ability on the part of Defendant to claim an interest to some degree in said 401(k) account, Plaintiff argues that she should be entitled to reach that interest at this time pursuant to 735 ILCS 5/2-1402.

    The evidence submitted did not establish the extent of the interest of Defendant, if any, such that the Court could award Plaintiff a specific amount. To the contrary, the facts presented suggest that Defendant would have little or no interest in any event under almost any realistic scenario.

    More significantly, the interest of Defendant, if any, in and to Third Party Defendant's 401(k) account is an

inchoate interest at best that is dependent on a variety of hypothetical and speculative factors (including the occurrence of a divorce and the weighing and balancing of numerous factors set forth in Section 503 of the Illinois Marriage and Dissolution of Marriage Act, along with other assets and liabilities).  Under the circumstances submitted, there is simply no more than a vague, contingent, highly speculative interest in the asset in question.  See <u>Gonzalez v. Profile Sanding Equipment</u>, 333 Ill. App. 3d 680, 694 (First District 2002)."

On January 5, 2007, the petitioner filed a motion for reconsideration.  On February 15, 2007, the trial court held a hearing on the motion.  The record does not contain any transcripts from that hearing.  On February 16, 2007, the trial court denied the motion, stating:

"Upon consideration of [Plaintiff's] Motion to Reconsider, the Court finds and orders as follows:

***

2. The reasons stated in the Court's order of 12/7/06 apply to subsection (c)(3) of section 2-1402 of the Ill. Code of Civil Procedure."

The petitioner appeals.

ANALYSIS

Initially, we note that the respondent and third-party defendant failed to file appellee briefs.  When an appellee fails to file a brief, reviewing courts will decide the merits of the

7

appeal if the record is simple and the errors can be easily decided without the aid of an appellee's brief. <u>First Capitol Mortgage Corp. v. Talandis Construction Corp.</u>, 63 Ill. 2d 128, 345 N.E.2d 493 (1976). In other cases, if the appellant's brief shows <u>prima</u> <u>facie</u> reversible error and the contentions in the brief find support in the record, the trial court's judgment may be reversed. <u>First Capitol Mortgage Corp.</u>, 63 Ill. 2d 128, 345 N.E.2d 493. We reverse the trial court's judgment because the petitioner has made a <u>prima</u> <u>facie</u> case of reversible error.

On appeal, the petitioner argues that the trial court erred when it denied her motion for turnover of the respondent's asserted $31,000 interest in an IRA under the third-party defendant's name. Specifically, she argues that the IRA was subject to turnover under section 2--1402(c)(3) of the Code (735 ILCS 5/2--1402(c)(3) (West 2006)) because: (1) the respondent's asserted interest in the IRA is not exempt from a judgment creditor or a child support enforcement action; (2) the IRA is the marital property of respondent and third-party defendant; and (3) the trial court improperly placed the burden of determining the extent of the respondent's interest in the IRA on the petitioner. Our review is <u>de</u> <u>novo</u> because this appeal presents legal questions as to the trial court's authority to enter an order for turnover under section 2--1402 of the Code and because the facts are not in dispute. See <u>Dowling v. Chicago Options Associates, Inc.</u>, 365 Ill. App. 3d 89, 847 N.E.2d 821 (2006) (stating that the standard of review is <u>de</u> <u>novo</u> when determining

8

whether a trial court had the authority to enter a turnover order under section 2--1402 of the Code).

Section 2--1402(c) specifies the actions a trial court may take when "assets or income of the judgment debtor not exempt from the satisfaction of a judgment" are discovered in a citation proceeding. 735 ILCS 5/2--1402(c) (West 2006). Under subsection (c)(3), the trial court may:

> "[c]ompel any person cited, other than the judgment
> debtor, to deliver up any assets so discovered, to be
> applied in satisfaction of the judgment, in whole or in
> part, when those assets are held under such circumstances
> that in an action by the judgment debtor he or she could
> recover them in specie or obtain a judgment for the proceeds
> or value thereof as for conversion or embezzlement." 735
> ILCS 5/2--1402(c)(3) (West 2006).

Although the trial court did not address this issue in its decision and the appellees have not filed a brief so arguing, we will address whether the IRA is exempt from judgment to provide a complete analysis of the petitioner's motion for turnover under section 2--1402 of the Code (735 ILCS 5/2--1402 (West 2006)). The IRA account is not exempt from application to the judgment for two reasons. First, the respondent and third-party defendant did not seek an exemption hearing as provided under section 2--1402(l) (735 ILCS 5/2--1402(l) (West 2006)). A judgment creditor does not have the burden of showing that an exemption is inapplicable. See <u>Dowling v. Chicago Options Associates, Inc.</u>,

9

365 Ill. App. 3d 341, 847 N.E.2d 741 (2006) (stating that a judgment debtor must affirmatively assert an exemption). Therefore, the respondent and third-party defendant cannot claim that the IRA is exempt from judgment.

Second, even if the respondent and third-party defendant could assert an exemption, such an exemption would be overcome by a statutory exception to income exemptions for the collection of child support. Under section 12--1006 of the Code, a debtor's interest in or right to the assets in a retirement plan, such as an IRA, is exempt from judgment. 735 ILCS 5/12--1006(a), (b)(3) (West 2006). However, section 15(d) of the Income Withholding for Support Act (750 ILCS 28/15(d) (West 2006)) provides an exception to this income exemption from judgment for the collection of child support. Section 15(d) states that income includes any payment from annuity, pension, and retirement benefits and that "[a]ny other State or local laws which limit or exempt income or the amount or percentage of income that can be withheld shall not apply." 750 ILCS 28/15(d) (West 2006); see also Jakubik v. Jakubik, 208 Ill. App. 3d 119, 566 N.E.2d 808 (1991) (stating that the exemption of an IRA from judgment is subject to the statutory exceptions for child support and maintenance obligations because public policy favors the payments of these obligations from exempt property to promote the support of the family). Thus, for this additional reason, the respondent and third-party defendant cannot claim that the IRA is exempt from judgment.

Because the IRA is not exempt from judgment, we must now determine if the trial court erred when it denied the petitioner's motion for turnover of the IRA under section 2--1402(c)(3). The trial court, relying on <u>Gonzalez v. Profile Sanding Equipment, Inc.</u>, 333 Ill. App. 3d 680, 776 N.E.2d 667 (2002), denied the motion because it found that the respondent had a "vague, contingent, highly speculative interest" in the IRA and because the petitioner failed to prove the extent of the respondent's interest in the IRA so that it could award the petitioner a specific amount. The petitioner argues that <u>Gonzalez</u> does not apply to this case and that the IRA is the respondent and third-party defendant's marital property, subject to turnover to the extent of the respondent's interest. We agree.

<u>Gonzalez</u> concerned a petitioner's motion for turnover of the respondent's potential cause of action under section 2-1402(c)(1) of the Code. <u>Gonzalez</u>, 333 Ill. App. 3d 680, 776 N.E.2d 667. Here, the petitioner made her motion for turnover under section 2-1402(c)(3) of the Code. Also, the petitioner sought an asset in which the respondent has an actual, not potential or illusory, interest. Thus, the trial court erred in relying on <u>Gonzalez</u> to deny the petitioner's motion for turnover.

The respondent has an actual interest in the IRA in the third-party defendant's name as it is the respondent and third-party defendant's marital property. Marital property is presumed to be "all property acquired by either spouse subsequent to the

11

marriage," regardless of whether the title to the property is held individually or in some form of co-ownership. 750 ILCS 5/503(a) (West 2006). This presumption may be overcome if it can be shown that the property qualifies as nonmarital property. See 750 ILCS 5/503(a) (West 2006) (listing the exceptions to the presumption of marital property).

In this case, the evidence shows that the IRA was held in the name of the third-party defendant. The third-party defendant did not present evidence or argue that the IRA was nonmarital property because it was acquired before her marriage to the respondent or for any other reason. In fact, the third-party defendant did not appear to have much knowledge about this IRA account. Accordingly, we find that the IRA is marital property of the respondent and third-party defendant. Moreover, because the IRA is marital property and the respondent has a legal interest in it, we find that the IRA is subject to turnover to the extent of the respondent's interest. See <u>Mid-American Elevator Co. v. Norcon, Inc.</u>, 287 Ill. App. 3d 582, 587, 679 N.E.2d 387, 390 (1996) (stating that a trial court may order turnover of assets held by a third-party "as long as the judgment debtor would have the right to recover such assets from the third party"); see also <u>Lorillard Tobacco Co. v. Canstar, Inc.</u>, No. 03--C--4769 (N.D. Ill. May 16, 2006) (finding that a judgment creditor could reach judgment debtor's marital property, consisting of a television and a computer, to the extent of the respondent's interest in it).

12

Finally, we address whether the trial court erred in placing the burden of determining the extent of the respondent's interest in the IRA on the petitioner. "Before a judgment creditor may proceed against a third party who is not the judgment debtor, the record must contain some evidence that the third party possesses assets of the judgment debtor. Only then does the citation court have the jurisdiction to order that party to produce those assets to satisfy the judgment." Schak v. Blom, 334 Ill. App. 3d 129, 133, 777 N.E.2d 635, 639 (2002).

In the present case, the petitioner met her burden as she presented evidence that the third-party defendant possessed an IRA in which the respondent had an interest. She presented the respondent's response to an interrogatory in which he admitted that an IRA in the amount of $31,067.83 existed in the third-party defendant's name and that he had an interest in it. The respondent and the third-party defendant did not deny the existence of this IRA at the hearing on the motion for turnover. Thus, having shown that the third-party defendant possessed an IRA in which the respondent had an interest, the petitioner did not need to determine the extent of that interest. See Lorillard Tobacco Co., No. 03--C--4769 (N.D. Ill. May 16, 2006) (ordering that the value of the judgment debtor's interest in marital property, consisting of a television and a computer, must be turned over, but not stating that the judgment creditor needed to prove the extent of the interest).

CONCLUSION

13

For the foregoing reasons, we reverse the judgment of the circuit court of Peoria County and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

McDADE, P.J., and SCHMIDT, J., concur.